## THE RUBY.

### HARRIS v. THE RUBY.

#### (District Court, D. Minnesota. April 6, 1889.)

1. ADMIRALTY—SALE—IRREGULARITY.

At a sale in admiralty proceedings, advertised to take place at the front entrance to the custom-house, the officer stood in the open door of the front entrance part of the time, so that persons inside the hallway, and outside the building, could hear him cry the sale. Many, if not all, the persons at the sale were in the hall. The front door was closed part of the time. About 30 persons attended, and there were several bids commencing at $300, the highest bid being $600, which was much below the value of the property. *Held*, that these facts did not show the sale to have been irregular, so as to require it to be set aside.

2. SAME—PURCHASE BY PROCTOR.

The sale having been made to the proctor of the libelant, the fact that it was for less than the value of the property is not sufficient to require that it be set aside on libelant's application.

In Admiralty. On motion to set aside sale.

*W. H. McDonald*, for the motion.

*John H. Ives*, opposed.

NELSON, J. A petition and accompanying affidavits are filed by George Harris, libelant, to set aside a sale of the steamer Ruby, made in admiralty proceedings. The boat was sold under the admiralty rules, on the application of the same libelant and other parties interested. The sale was duly advertised, and the time designated was February 14, 1889, at 10 A. M.; and the place fixed "at the front entrance of the United States custom-house in the city of St. Paul." The boat was knocked down to John H. Ives, proctor for the libelant, for the sum of $600, he being the highest bidder. About 30 persons attended the sale, and there were several bids commencing at $300. The officer who acted as auctioneer stood in the open door-way at the front entrance part of the time, so that persons inside of the hallway and on the outside of the building could hear him cry the sale; and many of the persons, if not all, at the sale, were in the hallway. During the sale the door leading to the street was sometimes closed, but was not shut by the officer having charge of the sale. Ample opportunity was given for competition of bidders by crying out.

bids and delay before closing the sale. The petitioner charges (1) fraud in the sale, and collusion between the marshal and the purchaser and the government inspector of steam-boats, and that the purchase price was not paid over; (2) inadequacy of price for which the vessel sold; (3) that the sale was not made at the place designated in the notice, but at a secluded place inside of the custom-house; (4) that the purchaser was the attorney of the libelant, who applied to have the boat sold, and could not buy. The charges of fraud and collusion are abandoned, and on the hearing it appeared that the purchase price was paid over.

While courts will give stability to judicial sales, and at the same time, as far as possible, protect the rights of the owner of the property and other parties interested, inadequacy of price is not alone sufficient to set aside a sale, unless it is so great as to be evidence of fraud or unfairness. If the officer who made the sale departed from his duty, which may prove injurious to the rights of the owner, and the purchase price is inadequate, a resale would be ordered. The presumption of law, however, is that the officer did his duty, and sold the boat according to the notice, and to overcome this the evidence of irregularity to the injury of the parties interested must be clear and conclusive before a court will set aside the sale. The boat undoubtedly sold for much less than its value, but there is no irregularity proved in the sale. The place was accessible to bidders, and it was a public place. The officer, in crying the sale, was during a part of the time at the front door. He gave publicity to the sale, and the proof shows competition of bidders. The sale was not made at a secluded place, but in the presence of about 30 persons, assembled as bidders or spectators. Although made in the presence of the persons assembled in the hall, with the front door closed part of the time, it is not such a departure from the notice as to justify the court for that reason to set it aside. Even "where a sale takes place not at, but very near, the place designated, this is regarded a substantial compliance with the law." Freem. Ex'ns, § 289.

It is urged that the purchaser was the proctor of the libelant, and justice will not permit the sale to stand. In *Busey* v. *Hardin*, 2 B. Mon. 407, the purchase by an attorney who was instrumental in procuring the sale was held good cause to set it aside as "against the policy of justice." Such is not the modern doctrine. The rule now is that such purchase by the attorney, if at a greatly inadequate price, should cause "vigilant scrutiny" into anything which might affect the fairness or unfairness of the sale. A thorough investigation in this case develops nothing aside from the fact that the boat sold for less than its value, to the disappointment of the parties interested, but that is not sufficient. Motion to set aside sale denied.