CHARLES M. BECK, APPELLEE, v. HARRY C. McKIBBEN ET AL., APPELLANTS.

FILED JANUARY 8, 1902.   No. 10,785.

1. Appraisers: TAXES INCLUDED IN DECREE. It is improper for the appraisers to deduct from the gross value of lands, as found by them, the amount of taxes included in the decree of foreclosure.

2. ———: TAXES NOT INCLUDED IN DECREE. Taxes against real estate which are not included in the decree, should be deducted by the appraisers in determining the defendants' interest in the premises.

3. **Decree: Excessive Amount: Vacating Sale.** That a decree of foreclosure is rendered for an excessive amount, is not sufficient ground for vacating a sale made thereunder in the appellate court.

4. **Excessive Decree: Remedy: Appeal.** When the amount of a decree is excessive, the remedy is to appeal from the decree itself, or by appropriate proceedings in the trial court to correct or modify the decree.

Appeal from the distrct court for Dawson county. Heard below before Westover, J. . *Affirmed.*

*E. A. Cook,* for appellants.

*E. C. & H. V. Calkins* and *D. P. Ashburn,* co.

Norval, C. J.

It is sought by this appeal to vacate an order of the district court confirming a sale of real estate made under a decree foreclosing a real estate mortgage. The gross value of the property was found by the appraisers to be the sum of $3,220, from which was deducted $99.61 for taxes certified to by the county treasurer. The interest of the defendants in the property, was appraised at the difference between these two sums, or $3,120.39. The property brought at the sale $2,100. It is insisted that the appraisers erroneously deducted from the gross appraisement the sum of $99.61 on account of taxes for the reason that the same were included in the decree. Taxes included in a decree of foreclosure, should not be deducted by the appraisers from the gross value of the land as a prior incumbrance. *Drew v. Kirkham,* 8 Nebr., 477. The decree, a copy of which is in the record, fails to show that a recovery was had for taxes in any amount. The court below merely found that there was due the plaintiff upon the notes set out in the petition which said mortgage was given to secure the sum of $1,872.97, and a decree for that amount was rendered. The decree makes no mention of taxes whatever, so that the defendants' contention is not well founded. It is urged, however, that taxes must have

been included in said sum of $1,872.92, since a lien for taxes paid by plaintiff was prayed for in the petition, and that there was not due upon the mortgage the amount for which the decree was taken. It can not be presumed that the decree includes taxes. The most that can be claimed is that the decree was for an excessive amount, but that is not sufficient reason for vacating the sale. The appropriate remedy was to appeal from the decree itself, or by appropriate proceedings in the trial court to correct the decree. *Hamer v. McKinley-Lanning Loan & Trust Co.,* 52 Nebr., 705.

The order confirming the sale is ·

AFFIRMED.