[No. 9162. Department One. March 22, 1911.]

Thomas F. Trumbull et al., Respondents v. Jefferson County et al., Appellants.[1]

Taxation—Foreclosure—Sale—Order of Sale.  Under a statute requiring the judge in a tax foreclosure to order the clerk to enter an order of sale to be signed by the judge and attested by the clerk, and to certify a copy thereof to the treasurer, a judgment, signed by the judge, containing an order of sale is a sufficient order of sale; and failure of the clerk to "attest" the same does not render it void, where the clerk certified a copy thereof to the treasurer.

Same—Place of Sale—Judicial Sales.  The requirement that a tax sale be made at the front door of the court house is complied with where it was held inside of the building, twenty-five or thirty feet from and in plain view of the glass front doors and of the people upon the street near the front doors.

Appeal from a judgment of the superior court for Jefferson county, Still, J., entered April 5, 1910, in favor of the

[1]Reported in 114 Pac. 186.

plaintiffs, after a trial on the merits before the court without a jury, in an action of ejectment.    Reversed.

*A. W. Buddress* and *James W. B. Scott*, for appellants.

*Trumbull & Trumbull*, for respondents.

MOUNT, J.—The plaintiffs brought this action to set aside a tax deed to lot 4, block 109, of the original townsite of Port Townsend.    This deed was issued by the county treasurer of Jefferson county to the county upon a sale of property for delinquent taxes.    After issues were joined in the case and a trial was had, the trial court set aside the deed and permitted the plaintiffs to redeem the lot on payment of taxes delinquent at the time of sale.    The defendants have appealed from that decree.

The plaintiffs do not allege or claim any irregularities in the delinquent tax foreclosure action up to the time of the decree therein, but they allege in the complaint that the treasurer's deed was void for the following reasons:    (1) That the court in the tax foreclosure action did not direct the clerk to make out and enter an order for the sale of the premises against which judgment was rendered; (2) that no such order was signed by the judge and attested by the clerk; (3) that no certified copy of such order, together with a list of the property ordered sold, was delivered to the treasurer; (4) that the copy of the judgment delivered to the treasurer by the clerk was not a true copy, but was false and fraudulent; (5) that the treasurer pretended to sell said lot to said county without any process whatever and without process issued in the name of the state of Washington, and no order was ever made by said court as stated in the deed; and (6) that the sale was not held at the front door of the court house, but was held within the court house.    The judgment entered by the trial court in this action recites, that in the foreclosure action "no valid order of sale was issued by said court, signed by the judge, and attested by the clerk;" that the treasurer "in his notice of sale did not describe the

date of the entry of said judgment," and "that said sale did not take place at the court house door as prescribed by law and set forth in the notice of sale, but took place in the inside of the court house and in the hall thereof;" and for these reasons adjudged the sale void and set aside the deed.

Several questions are presented by the appellants upon the sufficiency of the complaint in regard to the tender of taxes and the amount thereof, but our view of the merits of the case renders it unnecessary to discuss these questions. The original judgment in the tax foreclosure action was introduced in evidence in this case. This judgment appears upon its face to have been signed by the judge "in open court, this 15th day of November, 1907," but was filed by the clerk on December 6, 1907. It is true the clerk did not write the word "attest" on the face of the judgment and then sign his name, but he indorsed upon the original judgment the date of the filing thereof, together with his name. The decree upon its face ordered "the treasurer of plaintiff county to sell the said lands, and he is hereby directed and ordered to sell the said lands and premises in the manner prescribed by law to satisfy the judgment herein, that a deed be issued by the said treasurer to the purchasers at said sale," etc. Then follows a description of the lands ordered sold, among which is the lot in question. The decree then recites:

"It is further ordered, adjudged, and decreed that the clerk of this court certify and attest a copy of the decree as an order of sale and deliver the same to the treasurer of said plaintiff county as his authority for selling the hereinbefore lands and premises as hereinbefore directed and commanded."

Thereupon the clerk made a copy of the decree and added to the copy, below the judge's signature, the words, "Attest. John D. Phillips, Clerk;" and also attached his certificate that the same was a true copy of the original. This certificate was properly signed and sealed. This copy was delivered to the treasurer, who thereafter sold the property in dispute to the county. The sale was held inside the front

doors of the county court house, about twenty-five feet therefrom, in view of all persons who were at the door or who were passing along the street in front of the court house.

Respondents argue that the statute must be strictly followed in order to deprive them of their property, and that the order of sale under discussion is in violation of the statute, because the statute directs that the judge shall order the clerk to enter an order, which order shall be signed by the judge and attested by the clerk, and then to certify a copy of the order and deliver it to the treasurer. In *Warner v. Miner*, 41 Wash. 98, 82 Pac. 1033, in discussing a question almost identical with the one here presented, we said:

"This order and direction, no doubt, may be made in a separate order, or it may be made orally, or may be acted upon by the clerk without special direction. The judgment itself is such an order. Where the order of sale is issued as made out, it shall be signed by the judge and attested by the clerk, and a certified copy delivered to the county treasurer. The statute does not provide a form for the order of sale. We have no doubt that a certified copy of the judgment, signed by the judge and attested by the clerk, which judgment orders the property to be sold, is an order of sale in strict compliance with the provision of the statute."

The only difference between the judgment in that case and the one in this case is that here the clerk did not attach his signature with the word "attest" after the signature of the judge to the original judgment. This omission did not render the judgment void or inoperative. When the clerk certified a copy of the judgment as a copy of the original, this was all the authorization necessary for the county treasurer to proceed with the sale. The original was thereby attested by the clerk. 4 Cyc. 888. This disposes of the first five objections to the validity of the deed.

It is also contended that the sale was not made "at the front door of the court house," and for that reason the deed is void. The form provided by the statute for the notice of sale recites that the sale shall be made at the front door of

the court house, and this was also stated in the notice. We are satisfied that the phrase does not necessarily mean at the outside of the door, but means at such place as is most convenient, either inside or outside, so that a person desiring to attend such sale may readily find the place where the sale is to be, or is being held. The inclemency of the weather or some other such reason might make it impossible to conduct the sale upon the outside. Publicity would be as apparent inside as outside. The statute, by the use of the word "at," no doubt, intended that the sale might be made inside as well as outside, to suit the convenience of the purchaser or other conditions, so long as it was in view of persons who desired to become purchasers at such sale and was accessible for that purpose. It was shown in this case that the sale was made from a stair landing, twenty-five or thirty feet within the court house door, but directly in front of the two sets of double glass front doors, and that any person near such doors or upon the street in front thereof could see and hear what was being done. We are satisfied that said sale was regular and did not avoid the deed.

The trial court was in error, therefore, in avoiding the deed, and the judgment must be reversed, and the cause remanded with instructions to dismiss the action.

PARKER, FULLERTON, and GOSE, JJ., concur.