UNITED STATES TRUST COMPANY, APPELLEE, v. CLARA C. MILLER ET AL., APPELLANTS.

FILED OCTOBER 6, 1927.   No. 25003.

*Sullivan, Squires & Johnson,* for appellants.

*Morsman, Maxwell & Haggart* and *H. L. Wilson, contra.*

Heard before GOSS, C. J., GOOD, THOMPSON and EBERLY, JJ., ELDRED and L. S. HASTINGS, District Judges.

ELDRED, District Judge.

Appellee, hereinafter called the plaintiff, filed its petition for the foreclosure of a real estate mortgage given plaintiff, on land owned by appellant Clara C. Miller; the other appellants being joined as parties defendant, because of the fact that they, with Clara C. Miller, were joint makers of the note secured by the mortgage. All appellants are hereinafter termed defendants.

It is alleged in the petition that the plaintiff, to protect its security on March 17, 1924, paid taxes on the mortgaged premises in the sum of $198.13. It is also alleged, in substance, that the mortgage sued upon was, by its terms and conditions, subject to a prior mortgage to secure $16,000; that the plaintiff, to protect its mortgage security and prevent foreclosure of the prior mortgage, paid three instalments of interest accruing on said mortgage aggregating $1,310, and alleges that said sum, with interest, should be added to the amount of the debt secured by the mortgage.

The answer of Clara C. Miller admits the execution of the note and mortgage; that said mortgage was subject to a $16,000 mortgage; that she made payments alleged, and that the other defendants have no interest in the real estate, and denied all the other allegations; alleges that at the time she signed the $16,000 mortgage plaintiff stated to her that it would bear interest at 6 per cent., and that the $480 note sued upon was given entirely without consideration; further answering, alleges that at the time she made said mortgage there existed upon said land a prior mortgage of $13,500; that plaintiff paid no money to the defendants in consideration of the execution of the mortgage sued upon, or the $16,000 mortgage; that defendant paid plaintiff $155 with which to pay taxes due on the land; that plaintiff undertook to pay from the proceeds of the loan the $13,500 mortgage, and promised that it would pay to her

the amount remaining after such payment; that it did pay off said prior mortgage, but refused to turn over or deliver to her the remaining sum in its hands as the proceeds of said $16,000 mortgage and the mortgage in suit; alleges plaintiff still has in its possession belonging to her $2,000, and prays for an accounting.

The defendants Orville W. Miller, Harland W. Miller, and Hugh A. Miller file answers alleging that they signed said note, as sureties only, for their mother, the defendant Clara C. Miller, and entirely without any consideration; that they claimed no title or interest in the land mortgaged; and for further answer allege the same facts, in substance, as are alleged by their codefendant, Clara C. Miller, and deny all other allegations of plaintiff's petition, and pray that the issues may be presented to a jury.

The reply is, in effect, a general denial.

On February 17, 1925, a supplemental petition was filed in which it is alleged, in substance, that since the commencement of the action the plaintiff has paid out, to protect its security, the following additional items: February 17, 1924, for insurance on buildings, $24.85; August 1, 1924, interest on $16,000 prior mortgage, $520; February 1, 1925, interest on said prior mortgage, $520; January 30, 1925, taxes on real estate covered by mortgage, $196.60, which items, with 10 per cent. interest from dates of payment, plaintiff asks to have added to the indebtedness secured by the mortgage in suit.

On May 7, 1925, the court found generally for the plaintiff on the petition and supplemental petition, and that there was due plaintiff from the makers of the note, for the items set forth in the petition, $2,337.95, with 10 per cent. interest from that date, and a decree of foreclosure was entered, from which the defendants have filed this appeal.

The supplemental petition appears to have been filed February 17, 1925, the date of the trial, without the consent of the defendants or permission of court, and of this the defendants complain; but it further appears that on February 10, 1925, notice of application to file supplemental petition

was served upon defendants' counsel, to whom a copy of the proposed supplemental petition was also furnished at that time. While no formal order appears to have been made with reference to the filing thereof, no objection is shown to have been made thereto by defendants nor motion to strike, nor application made for additional time to plead, nor for postponement of the time of trial by reason thereof. We conclude that there was no prejudicial error in considering the issues raised by the supplemental petition under the circumstances shown by the record. Counsel for plaintiff urges that no issue was joined on the supplemental petition, but defendants had all answered the original petition, and in the absence of an order of the court for the making of separate issues on the supplemental petition being filed, the answers of defendants already on file would stand as answers to both the original and supplemental petition. The trial court evidently treated the issues as joined thereto, and so do we.

While the sufficiency of the allegations of the petition, so far as it seeks to foreclose the $480 mortgage in suit, is not questioned, it is urged by the defendants that neither the allegations of the petition, the supplemental petition, nor the evidence is sufficient to sustain any recovery by the plaintiff on account of any sums alleged by plaintiff to have been paid to take up interest coupons, claimed to be secured by the $16,000 prior mortgage, to protect its security. It will be noted that neither the petition nor the supplemental petition set out the prior mortgage, nor any of its terms and conditions. The mortgage of $480 sued upon provides that it is subject to one certain mortgage for $16,000, in favor of the United States Trust Company, but makes no further reference thereto, nor does it authorize the holder to pay any prior lien other than taxes, which it does provide that the mortgagee may pay and add to the amount of the mortgage debt. Therefore, the plaintiff's right to pay such interest on a prior mortgage to protect its security depends upon the equitable principle that the holder of a second or inferior lien may protect his interest

in the security by paying off a prior incumbrance, and thereby become substituted to the rights of the holder of the lien so discharged under the doctrine of subrogation. In this case the plaintiff had the unquestionable right to pay the interest accruing on the prior mortgage, and, if it did so, it became subrogated to the rights of the holder of the first mortgage to the extent of the interest paid; but, there being no provision in the mortgage in suit for the payment of a prior lien by the mortgagee and adding it to the amount of the mortgage debt, or that the mortgage sued upon should stand as security therefor, as there is with reference to tax liens, any lien enforced by the plaintiff for the recovery of the interest so paid on the prior mortgage would be the lien created by the terms of such prior mortgage. No claim of subrogation is made, nor any right nor lien claimed under the prior mortgage, nor does it appear what the terms or conditions of the prior mortgage were, nor that it was in any manner trying to enforce a lien thereunder. We conclude that the allegations of the petition and supplemental petition in this case were not sufficient to sustain any recovery by the plaintiff for any sum claimed to have been paid to take up the interest accruing on a prior mortgage lien.

In the supplemental petition it is alleged that the defendant failed to keep buildings insured as required by the mortgage, and that plaintiff paid certain insurance on such buildings to protect its security, and seeks to recover the amount of the premium paid. The mortgage was offered in evidence, and appears in the record. While apparently it was a mortgage blank used in instances where insurance on improvements might be required as additional security, yet in this case the blank was not filled out so as to require insurance to be carried in any sum. In the absence of an agreement for insurance, there was no authority for the plaintiff procuring such insurance on the buildings on the mortgaged premises at the expense of the mortgagor, and claim therefor cannot be sustained.

It appears from the evidence that the plaintiff paid taxes

on the mortgaged security as follows: March 17, 1924, taxes for 1922, $198.13, and January 30, 1925, taxes for 1923, $196.60, which plaintiff is entitled to recover from the defendant Clara C. Miller, with interest at 10 per cent. from dates of payment, which computed to May 7, 1925, the date of the decree in the trial court, aggregate $422.56.

It is contended by the defendants Orville W. Miller, Harland W. Miller, and Hugh A. Miller that they were not properly joined as defendants in the foreclosure action; and further that, if properly joined, they were entitled to a trial of issues raised by their answers before a jury. The contention is answered by section 9211, Comp. St. 1922. Under the authority of that section they were properly joined as parties defendants. As to the contention that they were entitled to a trial by jury, this action is purely of an equitable nature to foreclose the mortgage, with incidentally a possible liability of such defendants for a deficiency judgment. Said defendants knew at the time they signed the note in suit as surety for their mother that it was to be secured by a real estate mortgage. Under the circumstances there was no error in failing to submit the issues joined by the defendants' answer to a jury.

By the terms of the note sued upon there was due plaintiff thereon, including interest to the date decree was rendered in the district court, May 7, 1925, from the defendant Clara C. Miller as principal, and the other defendants as sureties, the sum of $541.78. In arriving at this amount we have computed interest on the three instalments past due at the time the action commenced from the dates they matured, respectively, and on the balance have computed interest from the date default was declared by commencing suit thereon.

It is contended by the appellants that by the agreement for the loan the rate of interest was to have been 6 per cent. While the original application for a loan, offered in evidence, would indicate that the interest was to be 6 per cent., a new application was made and executed which indicates the rate of interest as 6½ per cent., with a commission

of $800; and the papers executed all call for 6½ per cent. While there is some conflict in the oral testimony, we conclude that there was no mistake as to this rate of interest.

Likewise, it is contended in the briefs of appellants that there was fraud and misrepresentation, with reference to the necessity of securing life insurance policies by the three sons, and assigning them as additional security for the loan. There is no issue of this kind raised by the pleadings in the case, nor do we find such contention sustained by the evidence.

At the time the $16,000 loan was secured from the plaintiff there was a prior mortgage upon the real estate involved of $13,500, with some accrued interest. Plaintiff, out of the proceeds of the loan, undertook to pay off this prior mortgage. Shortly before the application was made the holder of the prior mortgage had been asking full payment of the loan it held, as shown by the letter from the holder of such loan appearing in the record; but, when the plaintiff arranged for settlement, a commission was asked, first of $216, which was reduced to $108, and this was paid by the plaintiff and charged to the defendant. Under the circumstances, after having requested payment of the entire indebtedness, the charging of a bonus was hardly justified, and the plaintiff in this case ought not to have paid the bonus to the holder of such prior mortgage without having special authority from the defendants so to do; and we conclude that the defendants are entitled to a credit for the amount of the bonus so paid, with interest at the same rate they agreed to pay upon the money borrowed, which, including the $800 commission, would figure 7½ per cent.; such bonus and interest aggregating at the date of the decree $130.54.

After the settlement of the prior mortgage by the plaintiff, and on July 25, 1922, plaintiff had the defendant Clara C. Miller sign a letter directed to plaintiff, stating: "This will be instructions to pay Nate J. House of Broken Bow, Nebraska, or as he may direct, the proceeds of my loan of $16,000," etc.—and thereafter, on or about September 8,

1922, the company remitted to Nate J. House the balance due borrower on said loan, also $320, which would be the balance of the $800 commission agreed on in the application, after deducting the amount of the commission mortgage, $480. House made a statement to Clara C. Miller showing the manner of disbursing the proceeds of the loan, and included therein an additional sum for commission of $160; premium on life insurance policies taken out by the three sons, $386.80, and claim of Columbia Fire Insurance Company for $242.91. It is contended by the defendants that these items should not have been charged to Clara C. Miller nor deducted from the proceeds of the loan. However, the plaintiff had nothing to do with making these charges. While House had throughout the transaction been the agent of the plaintiff, and was paid a commission by plaintiff, those charges were made and received by House individually after the defendant Clara C. Miller had instructed plaintiff to pay House the proceeds of the loan, and the statement made by House to her shows such items charged against her (and others about which there is no contention). and that there was still due him on account of the items submitted a balance of $155.41, which balance the defendant paid; fairly indicating a consent on her part to the payment of such items. Whatever may be the rights of the parties as between House and the defendants, the plaintiff is not responsible for those three items.

There was due the plaintiff, on May 7, 1925, the date of the decree from which appeal was taken, upon the commission mortgage sued upon in this action, $541.78, and for taxes paid by plaintiff on the mortgaged premises, including interest to that date, $422.56, or a total of $964.34, on which defendants are entitled to a credit of $130.54, for the bonus erroneously paid by the plaintiff on the settlement of the prior mortgage, leaving a balance due the plaintiff on the date of the decree of $833.80.

The decree of the district court is modified and reduced to $833.80, with interest from May 7, 1925, at 10 per cent.

per annum; costs of this appeal taxed to the appellee. As so modified, the decree of the district court is affirmed.

AFFIRMED AS MODIFIED.