# CHERRYHOMES v. BOARD OF COM'RS OF TULSA COUNTY.

No. 20673. Opinion Filed Nov. 22, 1932.

Holt & Kopplin and Twyford & Smith, for plaintiff in error.

Byron Kirkpatrick, County Attorney, and Hugh Webster, Asst. County Attorney, for defendant in error.

ANDREWS, J. This is an appeal from a judgment of the district court of Tulsa county in favor of the defendant in error, as the defendant, and against the plaintiff in error, as the plaintiff. The parties hereinafter will be referred to as they appeared in the trial court.

This action was brought to recover from Tulsa county the amount paid to the county treasurer of that county for certain property sold by him at a delinquent tax sale in 1925 for taxes due on the property for the year 1924, and the amount of the taxes subsequently paid by the certificate holder for the years 1925 and 1926, with interest thereon. The payments were made by R. C. Stevenson, who sold and indorsed the certificate of sale to the plaintiff.

The plaintiff based his action on the provisions of section 12749, O. S. 1931 (section 9739, C. O. S. 1921, as amended by chapter 30, S. L. 1925), and on his allegation that the county treasurer did not hold the delinquent tax sale in his office, as required

by the provisions of section 12742, O. S. 1931 (section 9732, C. O. S. 1921). The plaintiff relies on that portion of section 12749, supra, authorizing a recovery where the sale was "otherwise illegal." He contends that the sale in question was illegal and void.

The provisions of section 12742, supra, are mandatory. They require such a sale to be held at the office of the county treasurer, where by law the taxes are made payable. A sale at any other place is void. Davenport v. Wolf, 59 Okla. 92, 158 P. 382, and Hill v. Turnverein Germania of Oklahoma City, 77 Okla. 242, 187 P. 920. In each of those cases an attack was made upon a tax deed. Each of those deeds recited that the land had been offered for sale at public auction at the front door of the courthouse. Under the authority cited, the invalidity of those deeds was shown by the recitals thereof. In the case at bar no tax deed has been issued and neither the certificate of sale nor the records of the county treasurer state where the sale took place. The place of sale was shown by the agreement of the parties in their agreed statement of facts.

A question of law was presented to the trial court for decision. That question was whether or not, under the facts shown by the agreed statement of facts, the sale took place at the office of the county treasurer where by law the taxes are made payable. The trial court held that the sale was valid. Whether or not that holding of the trial court is correct is the only question necessary to be determined in this case.

The record shows that numerous proposed bidders and persons interested had assembled in and around the county treasurer's office on the morning of the sale; that among them were the plaintiff and his assignor of the tax sale certificate; that because of the great number of bidders, the confusion and inability of bidders to know what was being done, the treasurer deemed himself unable to conduct the sale in his office; that it was suggested that the place of sale be moved by the treasurer to the district court room on the next floor above, in order that all might have an equal chance at the bidding; that the treasurer asked if there was any objection to holding the sale in the court room; that no one objected thereto; that the treasurer carried his necessary books for conducting the sale to the court room on the second floor of the courthouse; that the crowd in and around the treasurer's office followed to the court room; that the sale was conducted there, and that R. C. Stevenson and the plaintiff were present and sat near the treasurer when he conducted the sale.

In Cooley on Taxation (4th Ed.) section 1425, the author states: "The sale must be made under circumstances which will invite competition"; and quotes from Slater v. Maxwell, 6 Wall. (U. S.) 268, 18 L. Ed. 796, as follows:

"'It is essential to the validity of tax sales, not merely that they should be conducted in conformity with the requirements of the law, but that they should be conducted with entire fairness. Perfect freedom from all influences likely to prevent competition in the sale should in all cases be strictly exacted'."

Those long existing principles may well be considered in determining the legislative intention in the adoption of the provisions of section 12742, supra.

In many of the counties the space in the courthouse assigned by the county commissioners to the county treasurer is not sufficient to accommodate those attending upon a tax sale. Where that condition exists and a tax sale is attempted to be held within the space usually used by the county treasurer, prospective bidders are not only inconvenienced, but, in some instances, are prevented from hearing the proceeding and from knowing what property is being offered for sale. The purpose of the tax sale law is to sell the smallest portion of the land that will bring the amount of the taxes against it, thereby producing revenue and depriving property owners of as little as possible of their property. That purpose can best be accomplished when the greatest possible opportunity is given to bidders to know what is transpiring and to bid on the various tracts offered for sale.

We are of the opinion that the Legislature, in enacting the provisions of section 12742, supra, and in providing that the sale should be held at the office of the county treasurer where by law the taxes are made payable, did not intend to limit the place of sale to that part of the courthouse ordinarily used by the county treasurer for the conduct of the business of that office. We are of the opinion, and hold, that the county treasurer can make the district court room in the courthouse a part of his office for the purpose of conducting a tax sale therein and that he may conduct a tax sale therein without violating the provisions of section 12742, supra. We base that conclusion upon the decision of the Supreme Court of Washington in Trumbull et ux. v. Jefferson County et al., 114 P. 186, wherein that court held:

"Where the recital in the statutory form of notice of sa.e for taxes required the sale to be made 'at the front door of the courthouse,' the sale was regular where it was made from a stair landing 25 or 30 feet within the courthouse door, and in front of two sets of glass windows, so that persons near the doors or upon the streets in front thereof could see and hear the transaction"

—and wherein that court said:

"It is also contended that the sale was not made 'at the front door of the courthouse,' and for that reason the deed is void. The form provided by the statute for the notice of sale recites that the sale shall be made at the front door of the courthouse, and this was also stated in the notice. We are satisfied that the phrase does not necessarily mean at the outside of the door, but means at such place as is most convenient, either inside or outside, so that a person desiring to attend such sale may readily find the place where the sa'e is to be, or is being held. The inclemency of the weather or some other such reason might make it impossible to conduct the sale upon the outside. Publicity would be as apparent inside as outside. The statute by the use of the word 'at' no doubt intended that the sale might be made inside as well as outside to suit the convenience of the purchaser or other conditions, so long as it was in view of persons who desired to become purchasers at such sale and was accessible for that purpose"

—the decision of the Court of Appeals of Indiana, in Hypes v. Nelson et al., 114 N. E. 459, wherein that court held:

"Under Burns' Ann. St. 1914, sec. 10355, requiring tax sales at the courthouse door, a sa'e is va'id although held on the inside of the courthouse door in the hallway near the door; the door being closed at the time on account of the cold"

—and the decision of the Supreme Court of Minnesota in Whitney v. Bailey, 92 N. W. 974, wherein that court had under consideration a statute which provided that "The sale herein provided for shall be made by the county auditor at his office," and wherein that court held:

"The sale in question was formally and properly opened in a small room on the ground floor of the courthouse, ordinarily used by the auditor as his office. So many people were present that this room was fi'led and crowded, as well as the hall leading to it. A large number of prospective bidders were unable to get into the office or within hearing, and for these reasons were absolutely prevented from taking part in the bidding. After a few sales, the auditor announced that, to accommodate the bidders, and for the purposes of the sa'e, his office would be moved temporarily to the court room, upstairs. Those present thereupon repaired to the court room, and all subsequent sales were made therein. Held, that the court room became the auditor's office for the time being, and for the purposes of the sale, and that the law as to the place of sale was properly observed."

There was no error in the trial court holding that the tax sale shown by the record in this case was valid, and the judgment of that court is in all things affirmed.

LESTER, C. J., and RILEY, HEFNER, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., absent.