[No. 26976. Department One. June 15, 1938.]

POLSON LOGGING COMPANY, *Appellant*, v. A. C. MARTIN, *as Commissioner of Public Lands, Respondent.*[1]

[1]Reported in 80 P. (2d) 767.

*Theodore B. Bruener,* for appellant.

*The Attorney General* and *L. C. Brodbeck, Assistant,* for respondent.

SIMPSON, J.—This is an appeal from the judgment of the superior court affirming an order of the state commissioner of public lands.

Pursuant to an application filed in the office of the commissioner of public lands for the purchase of the timber on certain state lands in Grays Harbor county, the timber was cruised, appraised, and advertised according to the statutes relating to sale, and was thereafter, February 2, 1937, offered for sale by the county auditor of Grays Harbor county, and it was on that date sold to the Polson Logging Company at the appraised value.

February 10, 1937, the commissioner of public lands made an order that the timber was not offered for sale by the county auditor in accordance with the requirements of law and the published notice of sale, in that the sale was conducted inside of the courthouse instead of in front of the main entrance thereof. The order directed that the purchase price be returned to the purchaser.

The purchaser contended that the sale was valid and refused to accept return of the price it had paid. Its demand for a bill of sale of the timber being refused, an appeal was taken pursuant to Rem. Rev. Stat., § 7809, to the superior court of Grays Harbor county.

After a trial to the court, judgment was entered affirming the order of the commissioner of public lands, and this appeal followed.

The record relative to the sale discloses the following facts: At ten a. m. on the day of the sale, the appointed time for the sale, the deputy county auditor of Grays Harbor county stepped outside of the front entrance of the courthouse for the purpose of offering the timber for sale. The weather was cold and stormy, so he told the assembled bidders to step inside the door and the sale would be conducted there. Thereafter, the timber was offered and sold to the Polson Logging Company, the highest bidder. All the prospective bidders were inside the door when the sale was consummated. The announcement that the sale would be held inside the door was made in a fairly loud voice, so that anyone in the immediate vicinity could have heard it. Between twelve and fifteen persons attended the sale, the deputy auditor being just inside the door and within a foot or two from it. The door was of double glass design with large, wide panels of glass on each side thereof, so that anyone could see into the courthouse from the outside. There were no persons immediately outside the courthouse at the time the sale was in progress.

In so far as the record discloses, the sale was in all respects properly conducted. No contention is made that other bidders would have been present or that a higher bid would have been made; nor is there any showing that more money would have been received for the timber if another sale was conducted subsequently, or had been made without the door of the courthouse.

The only question presented is whether the holding of the sale within the courthouse instead of without the front door rendered it invalid.

Rem. Rev. Stat., § 7797-49 [P. C. § 6334-59], defining the manner in which sales shall be conducted, reads:

"Such sale shall take place in the county in which the whole, or the greater part, of each lot, block, or

tract of land, or the material thereon, to be sold, is situated, as shown by the official plat thereof on file in the office of the commissioner of public lands, on the day advertised, between the hours of ten o'clock in the forenoon and four o'clock in the afternoon, in front of the courthouse, or of the building in which the superior court is held in counties in which there is no courthouse."

Our statute, Rem. Rev. Stat., § 7797-53 [P. C. § 6334-63], relative to the confirmation of sale by the commissioner of public lands, provides, in substance, that, if no affidavit showing that the interest of the state in such sale was injuriously affected by fraud or collusion shall be filed with the commissioner of public lands within ten days from the receipt of the report of the county auditor conducting the sale, and it shall appear from such report that the sale was fairly conducted, that the purchaser was the highest bidder at such sale, and that his bid was not less than the appraised value of the property sold, and if the commissioner shall be satisfied that the lands sold would not, upon being re-advertised and offered for sale, sell for at least ten per cent more than the price at which it shall have been sold, and the purchase price has been paid, the commissioner of public lands shall confirm the sale and issue a bill of sale.

It was evidently the contention of the commissioner of public lands that the sale was not fairly conducted because of its being made inside of the courthouse.

In *Trumbull v. Jefferson County*, 62 Wash. 503, 114 Pac. 186, it was contended that a tax sale was invalid, since it was not held at the front door of the courthouse, as provided by statute. In that case, it appeared that the sale was made from a stair landing, twenty-five or thirty feet within the courthouse door, but directly in front of two sets of double glass front doors, and that any person near such doors or upon the

street in front thereof could see and hear what was being done. In upholding the sale, we said:

"We are satisfied that the phrase does not necessarily mean at the outside of the door, but means at such place as is most convenient, either inside or outside, so that a person desiring to attend such sale may readily find the place where the sale is to be, or is being held. The inclemency of the weather or some other such reason might make it impossible to conduct the sale upon the outside. Publicity would be as apparent inside as outside."

It is true that the statute referred to in the case just mentioned provided that the sale be held "at the front door of the courthouse," and in the instant case the statute provides that the sale shall take place "in front of the courthouse," but the principle announced by this court in the case under discussion is applicable in both instances.

The state was not prejudiced in any manner. All of the persons interested in bidding attended the sale. Anyone outside of the courthouse doors could see the persons on the inside and, if interested in the sale, was apprised that it was being conducted. In fact, under the testimony, there was no one on the outside. At the appointed time, the deputy auditor went outside and announced that the sale would be held inside. This was, in fact, equivalent to a proclamation of the sale outside the courthouse.

In the case of *The Ruby*, 38 Fed. 622, the sale of a boat, according to the advertisement, was fixed "at the front entrance of the United States custom-house in the city of St. Paul." The sale, however, was conducted at another place inside the custom-house. The court, in upholding the sale, said:

"While courts will give stability to judicial sales, and at the same time, as far as possible, protect the rights of the owner of the property and other parties interested, inadequacy of price is not alone sufficient to set

aside a sale, unless it is so great as to be evidence of fraud or unfairness. If the officer who made the sale departed from his duty, which may prove injurious to the rights of the owner, and the purchase price is inadequate, a resale would be ordered. The presumption of law, however, is that the officer did his duty, and sold the boat according to the notice, and to overcome this the evidence of irregularity to the injury of the parties interested must be clear and conclusive before a court will set aside the sale. The boat undoubtedly sold for much less than its value, but there is no irregularity proved in the sale. The place was accessible to bidders, and it was a public place. The officer, in crying the sale, was during a part of the time at the front door. He gave publicity to the sale, and the proof shows competition of bidders. The sale was not made at a secluded place, but in the presence of about 30 persons, assembled as bidders or spectators. Although made in the presence of the persons assembled in the hall, with the front door closed part of the time, it is not such a departure from the notice as to justify the court for that reason to set it aside. Even 'where a sale takes place not at, but very near, the place designated, this is regarded a substantial compliance with the law.' "

In *Hypes v. Nelson,* 63 Ind. App. 304, 114 N. E. 459, a statute provided that tax sales should be held at the courthouse door. It appeared that the day of sale was cold, and at the time the sale was made the courthouse door was closed so the sale was conducted inside of the door in the hallway. Though it was not a strict compliance with the statute, the court held that there was a substantial compliance and upheld the sale.

Authorities of like import are: *Harris v. State,* 72 Miss. 960, 18 So. 387, 33 L. R. A. 85, 92; *Hoffman v. Anthony,* 6 R. I. 282, 75 Am. Dec. 701, 710; 16 R. C. L. 48.

Our attention has been called to the cases of *State ex rel. Megler v. Forrest,* 13 Wash. 268, 43 Pac. 51, and *Williams Fishing Co. v. Savidge,* 155 Wash. 443, 284

Pac. 744, in which we held that it was not within the province of the court to review any facts which are to be determined by the commissioner of public lands. However, the question presented here is not one of fact, but one of the application of the law to admitted facts. The right to review the application of the law is available.

The sale as made by the deputy county auditor of Grays Harbor county was conducted substantially as required by law, and should be confirmed.

The judgment of the trial court is reversed, with instructions to enter a judgment confirming the sale to the Polson Logging Company.

HOLCOMB, MAIN, GERAGHTY, and ROBINSON, JJ., concur.