HARRY E. BOWMAN, RECEIVER, ET AL., APPELLEES, V. FRANK CALDWELL, APPELLANT.

283 N. W. 194

FILED JANUARY 4, 1939. No. 30455.

*Carrico & Carrico,* for appellant.

*Stiner, Boslaugh & Stiner, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER and MESSMORE, JJ.

PAINE, J.

This is an action for the foreclosure of a real estate mortgage. Defendant appeals from the order of the trial court overruling the objections and confirming the sale.

The record discloses that a petition to foreclose 80 acres of land in Adams county was filed January 27, 1936, alleging default in payment of a mortgage note for $2,500 and interest.

On May 18, 1936, defendant filed motion to make the petition more specific and certain, and thereafter filed demurrer. On October 5, 1936, a decree of foreclosure was entered, in which appears this final paragraph:

"That upon stipulation of the plaintiffs, by their attorneys Stiner & Boslaugh of Hastings, Nebraska, and the defendant Frank Caldwell by his attorney F. L. Carrico of Hastings, Nebraska, made in open court;

"It is by the court ordered that a stay should be and is hereby granted herein to September 15, 1937, and that no order of sale shall issue herein until that date."

On October 13, 1937, an order of sale was issued and return duly made thereto, showing that the property sold for $3,000, the amount of the first and second liens being $3,192.13, the deficiency being $248.59.

On January 17, 1938, the defendant filed objections to the confirmation of sale. Among the six grounds was one setting out that there was no proper proof of the indebtedness, and another that the sale did not take place at the time and place advertised. The notice of the sale recited that the sale would be held "at the east front door" of the courthouse. All of the evidence of the witnesses in the bill of exceptions relates to this objection. Carroll Parker, the deputy sheriff, who conducted the sale, testified that he held this sale just where he conducts all of such sales.

It appears that, upon going in the said "east front door," steps immediately lead up to the level of the main hall, from which level doors open into the various offices. The evidence discloses that the deputy sheriff stood at the head of the stairs a part of the time, and a part of the time on the lower steps, all being inside the "east front door," and Mr. Boslaugh testified it was within 10 or 12 feet of the "east front door," while Mr. Carrico testified that the officer was as far as 30 feet from said door. The question arises,

if the officer stood up in the main hall, 30 feet from the door, at the time he conducted the sale, was it void?

In a note in 75 Am. Dec. 710, we find many interesting cases cited, and among them one setting out that a judicial sale in New York City was advertised to take place December 30, 1854, "at the city hall." By common usage all such sales were held in the rotunda of the city hall proper. Were it not for this usage, a notice of sale "at the city hall" would be too indefinite, as all the buildings within the park used for holding courts are by law deemed to be parts of the city hall. Description held not too vague. *Hornby v. Cramer*, 12 How. Pr. (N. Y.) 490.

A sale was held good when made within full view of the site of a courthouse which had burned down after a proclamation had been made at the exact site. 16 R. C. L. 47, sec. 33.

A case closely in point is that of *Trumbull v. Jefferson County*, 62 Wash. 503, 114 Pac. 186, in which it is said that the statute requires that land must be sold for taxes "at the front door of the courthouse." The sale was made from a stair landing 25 or 30 feet within the courthouse door, and any person near such door, or upon the street in front thereof, could see and hear what was going on. It was held that such sale was regular.

In a case released June 15, 1938, *Polson Logging Co. v. Martin*, 80 Pac. (2d) (Wash.) 767, it was held that sale of land was not invalid because conducted inside the courthouse doors rather than in front, as required by statute, where it was announced outside that the sale would be held inside because of the stormy weather. See, also, *Cherryhomes v. Board of Commissioners*, 160 Okla. 159, 16 Pac. (2d) 257.

In the case at bar, we find that there was a substantial compliance with the order of sale. The officer conducting the sale could be heard and seen by any one standing at the "east front door" of the Adams county courthouse. Furthermore, no showing is made of prejudice to the defendant.

The defendant also attacks the validity of the confirma-

tion on the ground that an extension agreement of the loan was not acknowledged. In the decree of foreclosure there was a finding that this extension agreement was duly executed, delivered, and signed.

This court has consistently held that, where defendants are personally served, they must set up all the defenses available, and if they avail themselves of the statutory stay of execution, they are estopped from attacking such judgment in any way. *Gilbert v. Provident Life & Trust Co.*, 1 Neb. (Unof.) 282, 95 N. W. 488; *Lackey v. Yekel*, 113 Neb. 382, 203 N. W. 542.

Finding no prejudicial error in the record, the decree entered by the district court is hereby

AFFIRMED.