[No. 28092. Department One. July 10, 1940.]

THE STATE OF WASHINGTON, *on the Relation of Polson Logging Company, Plaintiff,* v. A. C. MARTIN, *as Commissioner of Public Lands, Respondent.*[1]

*Theodore B. Bruener,* for relator.

*The Attorney General* and *L. C. Brodbeck, Assistant,* for respondent.

MILLARD, J.—This is an original petition to this court by the Polson Logging Company, a domestic corporation, for a writ of mandamus to compel the commissioner of public lands of this state to issue a bill of sale to relator covering the timber on the southeast ¼ of section 16, T. 21 N., range 10 west W. M., in Grays Harbor county.

[1]Reported in 104 P. (2d) 466.

The facts, as disclosed by the petition and respondent's return thereto, are as follows:

Pursuant to an application filed in the office of the commissioner of public lands for the purchase of the timber on land described above, the timber was cruised, appraised, and advertised according to the statutes relating to sale, and was thereafter, February 2, 1937, offered for sale by the county auditor of Grays Harbor county, and it was on that date sold to relator at the appraised value.

On February 10, 1937, the commissioner of public lands entered an order disapproving the sale upon the ground that the timber was not offered for sale by the county auditor in accordance with the requirements of law and the published notice of sale, in that the sale was conducted inside of the court house instead of in front of the main entrance thereof. The order directed that the purchase price be returned to the purchaser. The purchaser insisted that the sale was valid and refused to accept return of the price it had paid. The demand for a bill of sale of the timber under the terms of the statute, reading as follows, was refused:

"When timber, fallen timber, stone, gravel, or other valuable material, shall have been sold separate from the land and the purchase price paid in full, the commissioner of public lands shall cause a bill of sale, signed by the commissioner and attested by the seal of his office, setting for [forth] the time within which such material shall be removed, to be issued to the purchaser and to be recorded in the office of the commissioner of public lands, upon the payment of the fee provided for in this act." Rem. Rev. Stat., § 7797-58 [P. C. § 6334-68].

An appeal was taken by the purchaser pursuant to Rem. Rev. Stat., § 7809, to the superior court for Grays Harbor county. Trial of the cause to the court resulted

in entry of judgment affirming the order of the commissioner of public lands. Polson Logging Company appealed.

We reversed the judgment and remanded the cause to the trial court with instructions to enter a judgment confirming the sale to Polson Logging Company. *Polson Logging Co. v. Martin,* 195 Wash. 179, 80 P. (2d) 767. On September 9, 1938, pursuant to the foregoing, the trial court entered an order confirming the sale and directing the commissioner of public lands to enter such confirmation upon the records of his office. The commissioner refused to obey that judgment.

A show cause order, on petition of the Polson Logging Company therefor, was entered in the original action October 20, 1939, by the superior court for Grays Harbor county, directing the commissioner to enter upon the records of his office a confirmation of the sale made by him on February 2, 1937, to Polson Logging Company covering the timber in question. The commissioner refused to comply with the order. His appeal to this court was dismissed without opinion (No. 27882) January 19, 1940. The commissioner refused to accede to subsequent demands of Polson Logging Company for issuance to it of bill of sale, whereupon June 17, 1940, the logging company instituted this proceeding for writ of mandate.

■ Any question as to the right of relator to bill of sale covering the timber described above is foreclosed by *Polson Logging Co. v. Martin,* 195 Wash. 179, 80 P. (2d) 767, in which we held that the sale to relator, who paid the purchase price of the timber in full, was valid. That judgment became *res adjudicata* of the issue of validity of the sale. *Large v. Shively,* 194 Wash. 608, 624, 79 P. (2d) 317, 82 P. (2d) 793.

■ All of the conditions prerequisite to issuance of the bill of sale have been met by relator. The act

of execution and delivery of the bill of sale is purely ministerial; no discretion is involved. To state the facts is to declare the law.

The facts recited above present a situation in which we should exercise original jurisdiction—that jurisdiction is given to this court by Art. IV, § 4, of the state constitution—and issue the writ of mandamus to a state officer.

The writ is granted.

BLAKE, C. J., MAIN, ROBINSON, and SIMPSON, JJ., concur.