## RAFERT v. FEDERAL FARM MORTG. CORPORATION et al.

### No. 13116.

Circuit Court of Appeals, Eighth Circuit.

Dec. 13, 1945.

---

[3] Colgate-Palmolive-Peet v. United States, 320 U.S. 422, 64 S.Ct. 227, 88 L.Ed. 143.

152 F.2d—13

194

William Niklaus, of Lincoln, Neb., for appellant.

William W. Graham, of Omaha, Neb. (Lewis W. Bicknell, of Omaha, Neb., on the brief), for Federal Farm Mortgage Corporation, appellee.

Robert W. Devoe, of Lincoln, Neb. (Norval Bros., of Seward, Neb., and Peterson & Devoe, of Lincoln, Neb., on the brief), for Rosella Conway, appellee.

Before GARDNER, THOMAS, and RIDDICK, Circuit Judges.

THOMAS, Circuit Judge.

This is a farmer-debtor proceeding which beginning in 1938 has run its course under § 75, sub. s, of the Bankruptcy Act, 11 U.S.C.A. § 203, sub. s. At the commencement of the proceeding Rafert, the debtor, owned two farms in Nebraska. We are concerned here with only one of them, a 160 acre farm situated in Seward County, Nebraska, which was encumbered with a first mortgage held by the appellee, Rosella Conway, and by a second mortgage held by the appellee, Federal Farm Mortgage Corporation.

After the three-year stay provided for in the Act had expired, a trustee was appointed to sell the farm at public auction free of encumbrances; and on February 5, 1945, it was sold for $20,600. This is an appeal by the debtor from the order of the court distributing the proceeds of the sale. The order, after providing for the payment of costs, allotted to Conway the full amount of $19,196.02 found to be due on her first mortgage, and the balance of $1,200.26 was applied on the second mortgage held by the Mortgage Corporation. The debtor contends here, as he did in the district court, that Conway should have been paid only $17,664.90, or $1631.12 less than the order allowed her, and that the Mortgage Corporation should not have been allowed anything on its claim. These two contentions must be considered separately.

A brief historical statement in respect of the Conway mortgage is necessary to an understanding of the debtor's contention. The note and mortgage dated January 14, 1930, represented a loan of $10,000 due March 1, 1935, with interest at 5% per annum, payable on March 1st of each year. The instruments provided for interest at 9% per annum on past due principal and delinquent interest. Because of default in payment of principal and interest when due the mortgage was foreclosed in the state court of Nebraska and a judgment and decree was entered on August 6, 1938, for $13,067.78 with interest thereon at 9% per annum and a judgment for $309.08 for taxes paid by the mortgagee with interest at 7% per annum. The decree ordered the real estate to be sold unless the judgments were paid in 20 days from the date of the decree. Exercising his right under the Nebraska law (Section 25-1505 et seq., R.S.Neb.1943), the debtor filed a request for a nine months' stay of execution. Approximately four months later, on December 5, 1938, while the stay of execution in the state court was still in force, the debtor filed his petition under § 75 of the Bankruptcy Act. Since that time the parties and the subject matter of the present controversy have been under the jurisdiction of the federal court.

In the order of distribution complained of the court assumed as the basis of the Conway claim the judgment lien of $13,067.78 with interest at 9% and $309.08 with interest at 7% from the date of the judgment as provided in the foreclosure decree. It is undisputed that the amount of the judgment was correctly computed by the state court, and that on this basis the total amount to which Conway was entitled is $19,196.02. The debtor's contention is that the computation by the federal court is erroneous under Nebraska law; that simple interest at the rate of 10% should have been computed on $10,000, the principal of the note, from the date of the default in payment instead of at 9% on the amount of the judgment from its date as provided in the contract; and that upon this basis the claim must be reduced in the amount of $1631.12. In other words, the debtor would have the federal court ignore the decree of the state court.

■ The debtor's contention is without merit. It will be noted that the Conway claim in bankruptcy is based upon the decree of the state court into which the debt and the lien evidenced by the note and mortgage had merged prior to the commencement of the bankruptcy proceeding. The decree itself provided that the amount of the judgment in accordance with the terms of the contract and of the law of Nebraska should bear interest at the rate of 9%. It is conceded that the law of Nebraska controls the rights of the parties. Under that law a judgment upon a note and mortgage draws interest at the same rate as the contract bore. Section 45-103, R.S. Neb. 1943; Havemeyer v. Paul, 45 Neb. 373, 63 N.W. 932; Calloway v. Doty, 108 Neb. 319, 188 N.W. 104; United States Trust Co. v. Miller, 116 Neb. 25, 215 N.W. 462. Moreover, the decree of the state court, not having been appealed from, is res judicata of the rights of the parties as to the rate of interest on the judgment. Bowman v. Caldwell, 135 Neb. 554, 282 N.W. 194, 120 A.L.R. 657; Beck v. McKibben, 63 Neb. 413, 88 N.W. 765.

■ The debtor's contention that the Federal Farm Mortgage Corporation is not entitled to participate in the proceeds of the sale of the farm is based upon the fact that the Corporation failed to file formal proof of its claim in bankruptcy. It is conceded that the Corporation held a mortgage on the farm for more than the balance of the proceeds of the sale and that the lien of that mortgage is inferior only to the claim of Conway. That the filing of a claim in bankruptcy is not essential to the preservation of a lien is too well settled for debate. In re Cherokee Public Service Co., 8 Cir., 94 F.2d 536, 538; Ward v. First National Bank, 6 Cir., 202 F. 609, 612; Weekley v. Oil Supply Co., 4 Cir., 12 F.2d 539, 540; Fish v. East, 10 Cir., 114 F. 177, 201; 2 Remington on Bankruptcy, 3d ed., p. 115, § 735.

■ But the debtor argues that failure to file the claim at the time of his application for an extension deprived the court of the opportunity to test the claim for usury under the provisions of § 75, sub. i of the Act. This section provides that "In applications for extensions, the court shall require proof from each creditor filing a claim that such claim is free from usury as defined by the laws of the place where the debt is contracted." The argument obviously lacks merit. The statute does not require holders of secured claims to file them, unless they wish to object to the extension, and the Mortgage Corporation did not file its claim. It was not, therefore, required to offer proof of freedom from usury. Again, the debtor does not contend that the note is usurious. There was no basis for such a claim. Under Nebraska law parties may contract for any rate of interest "not exceeding nine per cent per annum." Sec. 45-102, R.S.Neb. 1943. The rate of interest called for by the note held by the Mortgage Corporation is 5%. Since the note is not usurious and the debtor does not contend that it is he is in no way prejudiced by failure of the Mortgage Corporation to file its claim in the extension proceeding.

The court did not err in allotting to the Federal Farm Mortgage Corporation, to apply upon its mortgage, the residue of the proceeds of the sale after payment of costs and satisfaction of the first or Conway mortgage.

Affirmed.