( )    HANDLAN v. WALKER.

In re COLUMBIA BISCUIT CO.

(Circuit Court of Appeals, Eighth Circuit.    October 28, 1912.)

No. 3,750.

JUDGMENT (§ 828*)—RES JUDICATA—QUESTIONS CONCLUDED.

A contract between a lessor and the trustee in bankruptcy of the
lessee, approved by the referee, provided for a cancellation of the lease
and waiver by the lessor of his lien on the bankrupt's machinery, the
removal and sale of the machinery by the trustee, the payment by him
to the lessor of $5,000 from the proceeds, the restoration of the premises
to their condition before the lease, and a specified rental until restoration
and surrender, and reserved to the lessor the right of proving a claim
for restoration against the estate for any sum in excess of $5,000 for
damages sustained by acts of the bankrupt or others removing the ma-
chinery. The trustee neglected to restore the premises, and the lessor
did so, and the referee gave him leave to sue the trustee in any court
to enforce liability under the contract. *Held* that, since the action of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the referee involved the entire liability of the trustee on the contract, a judgment rendered by a state court in an action by the lessor on the contract concluded the rights of the parties, and barred the lessee from establishing a claim against the bankrupt's estate.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1504–1509; Dec. Dig. § 828.*]

Appeal from the District Court of the United States for the Eastern District of Missouri; David P. Dyer, Judge.

Proceedings by Alexander H. Handlan to establish a claim against the Columbia Biscuit Company, a bankrupt; Robert E. Walker being trustee. From an order rejecting the claim, claimant appeals. Affirmed.

John S. Leahy, Walter H. Saunders, and Irvin V. Barth, all of St. Louis, Mo., for appellant.

Carl Otto and Thomas C. Hennings, both of St. Louis, Mo., for appellee.

Before SANBORN and HOOK, Circuit Judges, and WILLARD, District Judge.

HOOK, Circuit Judge. This is an appeal from an order rejecting a claim against an estate in bankruptcy. The controlling question is whether a prior judgment upon the contract out of which the claim arose operates as res judicata and concludes the claimant. Handlan, the claimant, leased property in St. Louis, Mo., for a term of years to a manufacturing concern, which made alterations to adapt the buildings to its business. The lessee became bankrupt before the term expired. Handlan and the trustee in bankruptcy made a contract, approved by the referee, which provided for the cancellation of the lease, the waiver by Handlan of his reserved lien upon the machinery of the bankrupt, the removal and sale of the machinery by the trustee, the payment by the trustee to Handlan of $5,000 from the proceeds, the restoration of the premises to their condition before the lease, and a specified rental until the restoration of the premises and their surrender. Handlan was to stand $1,000 of the cost of restoration, and the trustee the balance up to $5,000. The contract also provided that Handlan—

"reserves the right of proving a claim for restoration or repairs of said building against said bankrupt estate, for any sum in excess of said $5,000 for damages he may have sustained by acts of bankrupt or persons removing said machinery, and said [trustee] further agrees to indemnify the said [Handlan] for any and all damage or loss he may sustain, caused or induced by the carelessness or negligence or want of proper care of [the trustee] of or to said building while he is occupying same."

The trustee removed and sold the machinery and paid the first $5,000; but, neglecting to restore the premises, Handlan took charge of the work and completed it, at a cost, as claimed, of $8,738, an excess of $2,738 over the two sums agreed to be contributed. The trustee refusing to pay, the referee gave Handlan leave to sue him "in any court of competent jurisdiction, to enforce the liability of said trustee to said

petitioner, if any, arising under said contract." Handlan thereupon brought an action against the trustee in a state court to recover the entire amount disbursed, and also the rental while the contract was afoot; but for some reason not appearing his recovery as regards the cost of restoration was limited to $5,000, though it was found the cost was more. The trustee paid the judgment. No complaint is now made on account of the rental, and it may be dismissed from further mention. Handlan then presented to the bankruptcy court a claim for the $2,738, which he calls "a balance still due," to be proved as a general claim against the estate.

As said at the outset, the controlling question is whether the judgment of the state court concludes the controversy and bars the further prosecution of the claim in the court of bankruptcy. We think it does. The contract was the foundation of Handlan's right. No liability for the cost of restoration appears, save by its provisions. His action in the state court was upon the contract and for all his disbursements. The judgment was upon the merits. The claim there was not for damages to the premises by the negligence of the bankrupt or the trustee, but was specially upon the contract for the cost of putting the premises in their condition before the bankrupt installed its machinery, and likewise the present claim, except that it is for "a balance" alleged to be due. The rule as to the conclusiveness of an adjudication when the same matter again comes up between the same parties is too familiar to require much restatement. It covers questions of both law and fact upon which their rights depend, and those which might have been determined as well as those which were. Werlein v. New Orleans, 177 U. S. 390, 398, 20 Sup. Ct. 682, 44 L. Ed. 817.

It is contended that the leave given by the referee to sue in any court of competent jurisdiction was limited to the liability of the trustee up to the $5,000 he agreed to pay, and that any excess was to be left as a general claim against the estate, to be asserted only in the bankruptcy court, and therefore the state court was without jurisdiction of the latter, and its judgment not conclusive. But we see nothing in the words of the order or the circumstances to justify the contention. The action which the referee authorized properly involved the entire liability upon the contract, whether within or in excess of the amount specially named. The reservation in the contract by Handlan of the right to prove a claim for any excess was without pertinence to the matter of jurisdiction. It related to the right, not to the forum. Nor is there any such difference between the parts of the claim as would suggest a reason for ordering them litigated in two distinct actions, instead of one. Both arose from the same contract; both were against the estate in bankruptcy; neither was against the trustee personally as distinguished from his representative capacity. In substance, there was an entire claim under the contract for the cost of restoration, part of which was general, and part made preferential in consideration of the waiver of lien, and which was not, as supposed, a cost of administration. The order of the referee allowed Handlan, if he so elected, to sue in the court of bankruptcy, and it would have been

unusual had he brought two separate proceedings there. That he sued in the state court made no difference. It had jurisdiction, which he invoked, to establish his entire claim under the contract in one action. The order is affirmed.