MURPHY v. McLOUGHLIN et al.

In re WOULFE.

(Circuit Court of Appeals, Fifth Circuit. January 25, 1918.)

No. 3153.

1. HUSBAND AND WIFE ☜248—PROPERTY OF WIFE—INTEREST.

The bankrupt and claimant, who became his wife, both of whom were residents of Louisiana, executed an antenuptial contract reciting that the future wife brought into the marriage certain property which she constituted her dower. The husband acknowledged receipt, and took possession of such property for account of his future wife. The contract provided that as to any remaining property of the wife there should be no community of acquêts and gains, but a separation of property between them, and that the future wife should retain the full ownership and administration of all her other property, however and whenever acquired. Rev. Civ. Code La. art. 3319, declares that the wife has a legal mortgage on the property of her husband for restitution of her dower and for the reinvestment of dotal property sold by her husband, which she brought in marriage, reckoning from the celebration of the marriage; likewise for restitution of the dotal property which came to her after marriage, and for the restitution and reimbursement of her paraphernal property. Article 2347 declares that the dowry is given to the husband for him to enjoy as long as the marriage shall last, while articles 2349 and 2350 declare that the income of the dowry belongs to the husband for support of the family, and that the husband alone has the administration of the dowry, and his wife cannot deprive him of it. *Held,* that under the contract the property brought by the wife, which was described as constituting her dowry, could not be treated as paraphernal property for the purpose of charging the husband with interest thereon, despite the provisions of the contract for a separation of property between the spouses. •

2. HUSBAND AND WIFE ☜144—ESTATE OF WIFE—INTEREST.

Under Rev. Civ. Code La. art. 2396, declaring that when the wife, who is separate in property, has left the enjoyment of her property to her husband without any procuration, he is not answerable for the fruits, until a demand is made for them by the wife, or, if it is not made, until the dissolution of the marriage, and that he is not accountable for the fruits which have been consumed, a husband is not liable to his wife for interest on her property, either dotal or paraphernal, delivered into his custody under an antenuptial contract, which did not make him agent for the wife, until after demand for return.

3. JUDGMENT ☜828(3)—CONCLUSIVENESS—MATTERS CONCLUDED.

The wife of a Louisiana bankrupt, on intervention in a proceeding in the Louisiana state courts to foreclose a mortgage, was by the state court decreed entitled to a surplus as against her husband and the trustee in bankruptcy, who was made a party. The wife's claim was based on the husband's liability for his receipt of her property under an antenuptial contract. The property delivered by the wife to the bankrupt was several times greater in amount than the amount of the surplus. The Louisiana court allowed the wife interest for property held by the husband during the marriage. *Held* that, as an adjudication is binding upon parties and privies as to questions which were in fact in controversy and determined, and those which should have been raised, though they were not, the determination of the Louisiana court cannot, in a subsequent proceeding in bankruptcy, be treated as a conclusive adjudication entitling the wife, as against the trustee, to interest on account of property re-

ceived by the bankrupt husband, for no mention of the question of interest appears in the opinions of the state court, other than the amended judgment of the Court of Appeals, which allowed interest, and the question whether the wife was entitled to interest, in order for her to claim the surplus, was not necessary for determination, as the surplus was far less than the amount of property which she had delivered to the bankrupt.

4. JUDGMENT ⟨key⟩828(3)—CONCLUSIVENESS—MATTERS FOR DETERMINATION.

In such case, as the Louisiana court was confronted with only two inquiries, whether it had jurisdiction to distribute the surplus or balance as against the bankruptcy court, and, if so, to which of the two claimants it should be paid, the determination by that court as to interest is not conclusive.

Appeal from the District Court of the United States for the Eastern District of Louisiana; Rufus E. Foster, Judge.

In the matter of the bankruptcy of James J. Woulfe. The claim of Mrs. Mary Murphy, wife of James J. Woulfe, bankrupt, which was opposed by James J. McLoughlin, trustee, and others, was disallowed in part, and claimant appeals. Affirmed.

See, also, 137 La. 1087, 69 South. 847.

John J. Reilley, of New Orleans, La., for appellant.

John Dymond, Jr., A. Giffin Levy, and M. M. Boatner, all of New Orleans, La., for appellees McLoughlin and Dymond.

W. J. & H. W. Waguespack, of New Orleans, La., for appellee Trousdale.

Parkerson & Parkerson, of New Orleans, La., for appellee Succession of W. S. Parkerson.

Before WALKER and BATTS, Circuit Judges, and GRUBB, District Judge.

GRUBB, District Judge. This was an appeal from an order of the District Court, sitting in bankruptcy, settling the account of the trustee in bankruptcy of the estate of James J. Woulfe. The decree allowed the appellant the principal of her claim against her husband's estate, as a prior claim, but denied her interest on the principal of the claim, and it is from this feature of the decree that the appeal is taken.

The appellant contends for the allowance of interest: (1) Because of a judgment in her favor in the state court, which provided for interest, and which she claims conclusively adjudicates her right to it; and (2) because she claims interest is justly due her under the law of Louisiana.

[1] The appellant's claim against her husband arose out of an antenuptial contract. Among other property that the appellant brought to the marriage was the sum of $5,000. Of this property, and the reason of its contribution, the contract recited:

"Third. That the said future wife brings into the marriage the following described movable and immovable property, which she hereby constitutes as her dowry."

As to this property the husband acknowledged receipt, and that he took charge of it for account of his future wife, and became responsible to her for it. As to any remaining property of the wife, the contract

provided that there should be no community of acquêts and gains, but a separation of property between them, and that the wife should retain the full ownership and administration of all her other property, however or whenever acquired. The question is whether for the money received by the hubsand under this contract, he became liable for payment of interest to his wife.

The Supreme Court of the United States, in the case of Fleitas v. Richardson, 147 U. S. 550–553, 13 Sup. Ct. 429 (37 L. Ed. 272), said:

"The separate property of the wife is that which she brings into the marriage by inheritance, or by donation made to her particularly, and is divided into dotal or extradotal. Dotal property is that which the wife brings to the husband to assist him in bearing the expenses of the marriage establishment. Civil Code, art. 2337. Extradotal property, otherwise called paraphernal property, is that which forms no part of the dowry."

For each class "the wife has a legal mortgage on the property of her husband," given by the provisions of Civil Code, art. 3319. The wife has the right at any time during the marriage to sue for and retake possession of paraphernal property. Her dotal property is not generally recoverable from the husband while the marriage lasts. Civil Code, art. 2347. The husband alone administers the dowry, and the wife cannot deprive him of it. Civil Code, art. 2350. The income or proceeds of the dowry belong to the husband, and are intended to help him support the charges of the marriage, such as the maintenance of the husband and wife, that of their children, and other expenses which the husband deems proper. Civil Code, art. 2349.

The appellant contends that the property brought by her into the marriage was paraphernal and not dotal property, and that upon paraphernal property of the wife the husband is chargeable with interest. That he is not chargeable with interest upon dotal property is apparent from the quoted articles of the Civil Code. Appellant's contention that the contract creates paraphernal and not dotal property is based upon the provisions of the contract which make the wife separate in property as to her property generally, and also those that recite the husband's receipt of the property brought into the marriage for account of his wife and his acknowledgment of liability to her therefor. If there had been no express recital in the contract that the property, contributed by the wife, constituted her dowry, the argument might prevail. In view of the express characterization of the fund and property as the wife's dowry, it would be giving too much weight to the fact that there was to be no community of acquêts and gains and a separation of property and administration as to her general property, to accord it the effect of nullifying the express term of the provision relating to the contribution of the specific property which the wife brought into the marriage. The contract should bear this construction, especially in view of Civil Code, art. 2338, which provides that:

"Whatever in the marriage contract is declared to belong to the wife, or to be given to her on account of the marriage by other persons than the husband, is part of the dowry, unless there be a stipulation to the contrary."

[2] Conceding that the property so contributed was the wife's paraphernal property, it does not follow that the husband would be

chargeable with interest, when the possession and administration of it was intrusted to the husband by her, until after a demand for its return had been made by the wife, or a judgment therefor obtained by her, or until a dissolution of the marriage. Civil Code, art. 2396, is as follows:

"When the wife, who is separate in property, has left the enjoyment of her property to her husband without any procuration, he is not answerable for the fruits, until a demand of them be made by his wife, or if it is not made, until the dissolution of the marriage. He is not accountable for the fruits which have been  *  *  *  consumed."

While, under the terms of the marriage contract in this case, the husband received the property as that of his wife and became responsible for its custody, and return of the unexpended corpus to her, we do not understand that his use and enjoyment of it, pending the marriage relation, and his possession, was as agent for his wife. Whether the money be deemed dotal or paraphernal property, we do not think the appellant was entitled under the law of Louisiana to interest on it while the marriage relation endured, and the husband was permitted to possess and enjoy it, under the contract.

[3] The appellant, however, contends that, whatever may be the law of Louisiana in this respect, she is entitled to interest because of a judgment rendered in her favor by the Court of Appeal for the Parish of Orleans, awarding her interest, and which was affirmed by the Supreme Court of Louisiana on appeal, and that thereby her right to interest has been conclusively adjudicated as between her and the trustee in bankruptcy, who was a party to the suit in the state court, and the other appellees, whom she claims were in privity with him.

Conceding, without deciding, the jurisdiction of the state court to render the judgment relied upon by the appellant, we think there is another sufficient reason for not giving to it the effect of an adjudication binding either upon the trustee or upon the other appellees, and regardless of whether the latter were or were not represented by the trustee and privy to him. An adjudication is binding upon parties and privies, as to questions which were, in fact, in controversy and determined, and as to those which should have been raised, though they were not. Werlein v. New Orleans, 177 U. S. 390, 20 Sup. Ct. 682, 44 L. Ed. 817. It covers questions of both law and fact, upon which their (the parties') rights depend and those which might have been determined, as well as those which were. Handlan v. Walker, 200 Fed. 566, 119 C. C. A. 46. This rule applies in courts of bankruptcy equally as it does in other forums. The questions then are: (1) Was the matter of the allowance of interest a litigated question in the state courts? and (2) if not, was it a question of law upon which the rights of the parties in the state court depended?

1. The judgment of the Court of Appeal for the Parish of Orleans, which was affirmed by the Supreme Court, allowed the appellant interest. However, there was no contestation, either in the civil district court, or in the Court of Appeal, or in the Supreme Court, as to whether interest was properly allowable or not. It was not a controverted issue between the parties, before the rendition of judgment, and

in no true sense can it be said to have been actually litigated in the state court. No mention of the question of interest, other than in the amended judgment of the Court of Appeal, appears in the opinions of the state courts. We think the appellant fails to show that the parties to the litigation in the state court—the appellant and the trustee—ever there contested the appellant's right to interest. If the allowance of interest was immaterial to the rights of the trustee in that case, it would seem that he was under no duty to appeal from the judgment in that respect, to protect his future rights in other litigation, where the right to interest might become important. As the fund in the state court for distribution was much less than the principal of the appellant's claim, the trustee had no interest in contesting the allowance of interest in that case.

[4] 2. Did the rights of the parties in the state court litigation, in any way, depend upon the determination of appellant's right to interest on her claim? The litigation was in no sense a proceeding to establish appellant's claim, at least, except as it was incidentally involved in her right to the balance in the registry of the state court. The true amount of her claim, so far as it exceeded that balance, was of no consequence. The jurisdiction in which it would have to be established, in order to obtain payment, except for the balance in the state court, was the bankruptcy court. The suit in the state court was a proceeding to foreclose a mortgage. There was a surplus left in the registry of the court, after foreclosure sale, over and above the amount required to satisfy the mortgage. The appellant and the trustee intervened, claiming the surplus. The state court was confronted with two inquiries only: (1) Did it have jurisdiction to distribute the balance, as against the bankruptcy court? and (2) if so, to which of the two claimants should it be paid? The opinion of the Supreme Court (137 La. 1087, 69 South. 847) shows that these were the only two questions considered, and decided, in the state court. The state court ruled that it did have the right to make the distribution between the claimants, and ordered the balance paid to appellant. The balance was $875. The only issue in the state court was appellant's right to this balance. To decide this issue it was only necessary for the state court to determine that appellant had a valid claim against the bankrupt to the amount of the fund to be distributed; i. e., $875. The principal of appellant's claim was conceded to be five thousand dollars. The right of the appellant to the whole amount left for distribution did not depend upon whether her claim did or did not bear interest, and the decision of that issue was not involved in the litigation in the state court and did not concern the subject-matter of it.

Appellant's right to interest not having been actually a matter of contestation between the parties, and not having been necessary to a decision of any of the issues involved in the state court litigation, we hold that the appellant's plea of res adjudicata fails.

The order of the District Court appealed from is affirmed.