## In re BIRD TRANSFER CO.

(District Court, D. Delaware. January 12, 1925.)

No. 441.

Bills and notes ⬅296—Stockholders of bankrupt corporation held estopped to deny validity of judgment against bankrupt.

Under Rev. Code Del. 1915, §§ 2709, 2710, indorsers of a note are precluded from asserting that the maker was without authority to execute it, or that it was invalid at the time of their indorsement, and such indorsers, as stockholders of the corporation maker, cannot attack the validity of a claim against it in bankruptcy, based on a judgment on the note, in proceedings for assessment against them, on the ground of the invalidity of the note.

In Bankruptcy. In the Matter of the Bird Transfer Company, bankrupt. On petition of Charles D. Bird and others for review of order of referee. Order affirmed, and petition for review dismissed.

Charles C. Keedy, of Wilmington, Del., for Charles D. Bird and Laura E. Bird, stockholders.

David J. Reinhardt, of Wilmington, Del., for Delaware Trust Co.

MORRIS, District Judge. In assessment proceedings against stockholders of Bird Transfer Company, bankrupt, instituted and prosecuted before the referee, the trustee in bankruptcy offered in evidence the claims which had been filed and allowed against the bankrupt estate. To the admission of the claim of Delaware Trust Company the stockholders sought to be assessed objected. The ground of objection was that the claim was founded upon a judgment in favor of Delaware Trust Company entered by confession in the Superior Court of the state of Delaware against the bankrupt, about six months prior to the time of the filing of the petition in bankruptcy; that the judgment note upon which the judgment was entered was made by the bankrupt and indorsed by the petitioners for review; that the bankrupt was an accommodation maker, and that it was without power to bind itself by a note of that character.

Upon the making of the objection a doubt was expressed by the trustee or referee as to whether the prior allowance of the claims by the referee was not final and conclusive in all bankruptcy proceedings, even including proceedings for the assessment of stockholders, had before the referee. To avoid the difficulty suggested as incident to a hearing of the objections upon their merits, the stockholders were permitted to file exceptions to the claim. The exceptions filed were the same as the objections made to the admission of the claim in evidence. Pending the hearing and determination of the exceptions, the assessment proceedings were stayed. The exceptions were overruled. From that order of the referee the two stockholders, who were the indorsers of the note upon which the judgment was entered, have presented a petition for review.

With respect to the matters presented by the exceptions and by the petition for review, counsel for the Delaware Trust Company asserts: (1) That the exceptions constitute a collateral attack upon a judgment rendered by a court of competent jurisdiction. (2) That, even assuming the referee, in determining the validity of the claim, has power to inquire into the validity of the judgment by which the claim is evidenced, the evidence in this case is not sufficient to show invalidity of the judgment. (3) That by sections 65 and 66 of chapter 78 of the Revised Code of Delaware the petitioners for review, who were indorsers of the note upon which judgment was entered, are here estopped from asserting the invalidity of the note, and hence from asserting the invalidity of the judgment entered thereon.

Assuming, without deciding, that the attack upon the judgment is not a collateral attack (as to which see In re Falsone (D. C.) 247 F. 607; Handlan v. Walker, 200 F. 566, 119 C. C. A. 46; 17 A. & E. [2d Ed.] p. 848, and more particularly page 849), and assuming without deciding, that stockholders of a bankrupt corporation may file exceptions (as distinguished from objections to the admission in evidence in assessment proceedings of an allowed judgment claim against the bankrupt) to a claim presented for allowance against a bankrupt estate, I am of the opinion that the second contention of the plaintiff in the judgment is sound, and that the evidence presented before the referee in support of the exceptions was and is not sufficient to warrant a finding that the judgment against the bankrupt was invalid. Furthermore, I think that the petitioners for review, the indorsers of the note, are precluded by sections 65 and 66 of the Uniform Negotiable Instruments Law, being chapter 78 of the Revised Code of Delaware of 1915, from asserting that the bankrupt was without capacity to make the note, or that the instrument was at the time of their indorsement invalid. Hence they may not be heard to assert that the judg-

ment based upon the note is, by reason of invalidity of the note, invalid either as against the Delaware Trust Company or to the extent that, in the assessment proceedings or otherwise, it may affect them.

The order of the referee will be affirmed, and the petition for review dismissed.