## SMITH et al. v. STROUD STATE BANK et al.

No. 16506.   Opinion Filed Nov. 16, 1926.

Rehearing Denied Sept. 20, 1927.

**1. Appeal and Error—Time for Proceedings —Effect of Motion for New Trial.**

A motion for a new trial will not operate to extend the time within which an order may be appealed from, where a motion for a new trial is not necessary, but where a motion for a new trial is a prerequisite to confer jurisdiction upon this court to review the order complained of, the statutory period of limitation within which the appeal may be filed in this court begins to run from the date of the order overruling the motion for a new trial.

**2. New Trial—Foreclosure—Premature Sale with Motion for New Trial Pending.**

The judgment in the instant case, under date of March 17, 1924, was not such a judgment as would authorize the issuing of the order of sale. and sale of the property pending a motion for a new trial.

(Syllabus by Williams, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Okfuskee County; John L. Norman, Judge.

Action by Dascombe-Daniels Lumber Company against Isaiah Smith, Ella Smith, his wife, Mark Miller, Burr Randles. The Stroud State Bank intervened, praying judgment on note and motgage. Judgment for intervener, and Isaiah Smith and Ella Smith appeal. Reversed with directions.

Roland E. Gish. for plaintiffs in error.

Ethel M. Proffit and T. H. Wren, for defendants in error.

Opinion by WILLIAMS, C. Plaintiffs in error appeal from an order overruling a mo-

tion to set aside the order of confirmation of sale of real estate under foreclosure of mortgage, in which appraisement was waived, and where the order of sale and the order confirming the sale were alleged to be void because had before six months from the date of the order overruling the motion for a new trial.

It appears from the record that a jury was waived and the case was tried to the court, who, after hearing the evidence of defendant in error, no evidence having been introduced by the plaintiffs in error, rendered a judgment for the defendant in error on the 17th day of March, 1924. Motion for new trial was filed by the plaintiffs in error on March 19, 1924, and on November 17, 1924, the motion for new trial was heard and overruled. An order of sale was issued upon the judgment of March 17, 1924, the property sold, and return of the sheriff made prior to the hearing of the motion for a new trial, but said order of sale was not issued until more than six months after the rendition of the judgment.

The plaintiffs in error assign but one ground for reversal, as follows:

"Said court erred in overruling the motion of plaintiffs in error to vacate as null and void the order of sale, the sale, and confirmation order."

It is the contention of the plaintiffs in error that a judgment being the final determination of the rights of the parties to an action, such determination is only fixed by the judgment of the court after the overruling or sustaining of a motion for a new trial, where such motion is necessary.

Section 798, C. O. S. 1921, provides:

"All proceedings for reversing, vacating, or modifying judgments, or final orders shall be commenced within six months from the rendition of the judgment or final order complained of."

Section 662; C. O. S. 1921, provides:

"A judgment is the final determination of the rights of the parties in an action."

In the case of Mitchener et al. v. City Com'rs of City of Okmulgee et al., 100 Okla. 98, 228 Pac. 159, the second paragraph of the syllabus reads as follows:

"A motion for a new trial will not operate to extend the time within which an order may be appealed from, where a motion for a new trial is not necessary, but where a motion for a new trial is a prerequisite to confer jurisdiction upon this court to review the order complained of, the statutory period of limitation within which the appeal

may be filed in this court begins to run from the date of the order overruling the motion for a new trial."

In the instant case, the filing of a motion for a new trial being a prerequisite to confer jurisdiction upon this court, the statutory period of limitation within which the appeal could be filed in this court runs from the date of the order overruling the motion for a new trial. The order of sale having been issued pending the hearing on the motion for a new trial, the same was prematurely issued and void.

For the foregoing reasons, the cause is reversed and remanded, with instructions to vacate and set aside the order of sale and all proceedings had thereunder.

By the Court: It is so ordered.