94 F.2d 536 (1938)
In re CHEROKEE PUBLIC SERVICE CO.
DICKINSON
v.
ORR et al. (two cases).
Nos. 11043, 11053.
Circuit Court of Appeals, Eighth Circuit.
February 8, 1938.
*537 J. A. Tellier, of Little Rock, Ark., for appellant.
Malcolm E. Rosser, Jr., of Muskogee, Okl. (Malcolm E. Rosser, of Muskogee, Okl., on the brief), for appellees.
Before GARDNER, SANBORN, and THOMAS, Circuit Judges.
THOMAS, Circuit Judge.
This case presents for determination primarily the problem of whether or not under the circumstances present a judgment of the state court of Oklahoma rendered less than four months before the bankruptcy of defendant therein, and enforcing an attachment lien created more than four months prior to bankruptcy, is res judicata in a suit brought by the trustee in the federal court to enjoin an execution sale under the judgment. Some subordinate questions will require brief attention; and, preferring to base our decision on the merits, we shall pass by certain procedural objections raised by appellee.
The facts necessary to a solution of the question presented are not in dispute.
W. D. Dickinson, appellant, is trustee in bankruptcy of Cherokee Public Service Company whose affairs are being administered in the District Court for the Eastern District of Arkansas. The bankrupt owned property and carried on business in Wagoner county, Oklahoma.
On July 18, 1929, H. H. Orr, appellee, a resident of Oklahoma, brought suit on contract in the district court of Wagoner county, Oklahoma, against Cherokee Public Service Company, a nonresident corporation, and on the same day sued out a writ of attachment under which the sheriff levied on the property in controversy on July 22, 1929. The company, afterwards bankrupt, appeared in that case. There was a trial to a jury and a verdict returned in favor of Orr on which judgment was entered on November 28, 1931, for $5,000 and costs. Omitting the description of the property, the judgment provided:
"And it appearing to the Court from the return of the Sheriff that he attached the following described property in this action, to-wit:
"* * * (description of attached property) and now has same in his possession, subject to the judgment and order of this court,
"It is therefore, Ordered, Adjudged and Decreed by the Court, that said property, or so much thereof as may be necessary to satisfy the judgment herein rendered, and the costs of this action, be sold by the Sheriff of Wagoner County at public sale after advertising same in the manner sales under execution are required to be advertised, and that out of the proceeds of said sale he pay to the plaintiff the amount of said judgment, with costs. It is further ordered, adjudged and decreed that if said property shall not sell for enough to discharge the judgment in favor of plaintiff that execution shall issue for whatever portion thereof remains unpaid; to all of which the defendant in open court excepts."
On January 8, 1932, the Cherokee Public Service Company was adjudicated bankrupt and appellant was appointed trustee. Afterwards the case of Orr v. Cherokee Public Service Company was appealed to the Supreme Court of Oklahoma, where the judgment was affirmed on November 4, 1936. 178 Okl. 96, 62 P.2d 58, 60. Dickinson, the trustee, at his request was made a party in the Supreme Court and participated in the appeal.
On December 12, 1936, Orr got out an execution and order of sale for the attached property, and the property was advertised to be sold on February 8, 1937. The present suit was instituted in the district court on the 6th day of February, 1937, seeking to enjoin and restrain the sheriff of Wagoner County, Oklahoma, from selling the property. A temporary restraining order was issued, which upon final hearing was dissolved and the complaint was dismissed. This appeal followed.
The appellant contends here, as he did in the lower court, that: (1) The judgment in the state court, having been rendered within four months before the filing of the petition in bankruptcy, is null and void under section 67f of the Bankruptcy Act, as amended, 11 U.S.C.A. § *538 107(f); (2) the statute of limitations had run on appellee's judgment at the time execution was issued thereunder; (3) appellee abandoned his claim by failure to file it within the time fixed for filing claims; (4) the adjudication in bankruptcy vested the title to the attached property in appellant free from appellee's lien; and (5) the attachment was invalid and created no lien upon the property because (a) the sheriff levying the attachment did not take possession of the property and (b) Orr did not pay or deposit the money to pay certain outstanding mortgages, all as required by the statutes of Oklahoma. In reply to appellant's last contention the appellee says the validity of the attachment lien was settled in the state court case and that the judgment therein rendered is res judicata in this suit.
Appellant's first contention is without merit. It has been long and well established that a judgment or decree in enforcement of a valid preexisting lien is not the judgment denounced by section 67f of the bankruptcy statute, which is confined to judgments creating liens. Metcalf Bros. v. Barker, 187 U.S. 165, 174, 23 S.Ct. 67, 47 L.Ed. 122; In re Crafts-Riordon Shoe Co., 185 F. 931, 936, D.C., D.Mass.; In re Snell, 125 F. 154, D.C., N.D.Cal.; Taubel-Scott-Kitzmiller Co. v. Fox, 264 U.S. 426, 430, 44 S.Ct. 396, 398, 68 L.Ed. 770.
The contention that the judgment was dormant because the statute of limitations had run at the time the execution was issued is also untenable. The Oklahoma statute, section 442, O.S.1931, 12 Okl.St.Ann. § 735, provides that, "If execution shall not be sued out within five years * * * such judgment shall become dormant." After judgment was entered motions for a new trial were filed and overruled May 9, 1932. The order overruling the motion stayed execution for a period of thirty days pending the giving of a supersedeas bond. Under the decisions of the Supreme Court of Oklahoma the five-year period had not expired at the time the execution was issued. Smith v. Stroud State Bank, 127 Okl. 3, 259 P. 256; Mitchener v. City Commissioners, 100 Okl. 98, 228 P. 159.
The contention that the appellee has abandoned his claim against the bankrupt estate because he failed to file it within the statutory period is not germane. Besides, the filing of a claim in bankruptcy is not essential to the preservation of a lien. Ward v. First National Bank, 6 Cir., 202 F. 609. The further argument that the adjudication in bankruptcy vested title in the property in the trustee free from appellee's lien is without substance.
The contention urged with greatest earnestness by appellant is that appellee's attachment was invalid and that no lien was ever created thereby because the provisions of the Oklahoma statute requiring the sheriff to take possession of the attached property and the attaching creditor to pay or deposit the money to pay outstanding mortgages were not complied with. The judgment in the state court and the special execution issued thereunder are predicated upon the validity of the attachment from the date of the levy, thus negativing noncompliance with the statutes in respect to possession and payment of mortgages. The judgment recites that it appears that the sheriff "now has the same (attached property) in his possession, subject to the judgment and order of this court"; and the execution states, "which property remains in the hands of the Sheriff of Wagoner County, Oklahoma, unsold." The decision of the Supreme Court observes: "The defendant does not present any of the errors occurring at the trial or prior thereto regarding the passing upon the attachment and filing of supplemental petition, the motion to strike, the overruling thereof, the demurrer thereto, or the action of the court in failing to sustain the first or second supplemental motion for new trial." The pleadings in the case in the state court are not in the record.
Upon this record the judgment of the district court of Oklahoma, affirmed by the Supreme Court of that state, is res judicata upon the question of the validity of the attachment lien, and upon every matter essential to its validity. Every question affecting its validity was or might have been determined in that action, and cannot be tried again in this suit. The law is well settled upon this point.
In a federal court the judgment of a state court is accorded the same but no greater effect as res judicata than is given to it by the courts of the state in which it is rendered. Wright v. Georgia R. R. & Banking Co., 216 U.S. 420, 429, 30 S.Ct. 242, 54 L.Ed. 544; Covington v. *539 First Nat. Bank, 198 U.S. 100, 109, 25 S.Ct. 562, 49 L.Ed. 963; Union Bank v. Memphis, 189 U.S. 71, 75, 23 S.Ct. 604, 47 L.Ed. 712; Speakman v. Bernstein, 5 Cir., 59 F.2d 523. Cf. Operative Plasterers', etc., Ass'n v. Case, 68 App.D.C. 43, 93 F.2d 56.
In the national courts an adjudication is conclusive of all questions of both law and fact upon which the rights of the parties depend, of those which might have been determined as well as those which were. Werlein v. New Orleans, 177 U.S. 390, 398, 20 S.Ct. 682, 44 L.Ed. 817; Handlan v. Walker, 8 Cir., 200 F. 566, 568.
The same rule prevails in the courts of Oklahoma. Pratt v. Ratliff, 10 Okl. 168, 61 P. 523; Engle v. Legg, 39 Okl. 475, 135 P. 1058; Wiley v. Edmondson, 43 Okl. 1, 133 P. 38; Prince v. Gosnell, 47 Okl. 570, 149 P. 1162; Etenburn v. Neary, 77 Okl. 69, 186 P. 457; Cressler v. Brown, 79 Okl. 170, 192 P. 417. In Pratt v. Ratliff, supra, the court in an early opinion which has often been quoted said: "When a matter has once passed to final judgment without fraud or collusion, in a court of competent jurisdiction, it has become res judicata, and the same matter, between the same parties, cannot be reopened or subsequently considered."
And in the case of Engle v. Legg, supra, it is said: "Judgment in a former action, involving the same subject-matter, is conclusive, not only as to defenses which were permitted in such action, but also as to all defenses which might have been but were not presented."
It is true the appellant was not an original party to the case in the district court of Oklahoma, but upon his own motion he was made a party on the side of the bankrupt on appeal and prosecuted the case in the Supreme Court of that state. It is well settled that the decision of an appellate court is res judicata the same as that of a nisi prius court. Puget Sound Electric Ry. v. Lee, D.C., 207 F. 860; Mead v. Mead, Ky., 112 S.W. 867. When appellants are dissatisfied with the judgment of a trial court, they must upon appeal show to the appellate court every reason or cause which exists for its reversal, and failing to do so, they are forever precluded from litigating again the questions which might have been determined but were not. Mead v. Mead, supra; Dixon v. State Mutual Ins. Co., 60 Okl. 237, 159 P. 922. Cf. Duncan v. Gegan, 101 U.S. 810, 25 L.Ed. 875; Martin v. Hunter's Lessee, 1 Wheat, 304, 4 L. Ed. 97; Smith v. Maryland, 6 Cranch 286, 3 L.Ed. 225; Oregon R. R. & Nav. Co. v. Balfour, 9 Cir., 90 F. 295, 301. It is not necessary to determine what would have been the effect of the judgment of the district court of Oklahoma in this proceeding had not appellant been a party to the appeal. When upon his own motion he joined in the appeal, but failed to attack the validity of the appellee's lien, he was bound by the affirmance.
In this case an appeal allowed by the District Court under section 24a, as amended, 11 U.S.C.A. § 47(a), has been consolidated by order of court with the appeal allowed by us under section 24b, as amended, 11 U.S.C.A. § 47(b), and the issues involved in each are the same. It is therefore unnecessary to determine which one of these appeals was improperly allowed, and to dismiss it. Chicago Bank of Commerce v. Carter, 8 Cir., 61 F.2d 986; In re Webb, 4 Cir., 54 F.2d 1065.
The judgment of the District Court is affirmed.