**CLEM et al. v. JOHNSON.**

No. 14203.

United States Court of Appeals
Eighth Circuit.

Dec. 19, 1950.

Charles H. Halpern, Minneapolis, Minn., for appellant.

Franklin D. Gray, Minneapolis, Minn. (John W. Mooty and Morley, Cant, Taylor & Haverstock, all of Minneapolis, Minn., on the brief), for appellee.

Before GARDNER, Chief Judge, and WOODROUGH and THOMAS, Circuit Judges.

WOODROUGH, Circuit Judge.

This appeal is taken by George I. Clem, Trustee in bankruptcy, to reverse an order of the District court holding that the appellee Wallace Johnson had not lost his status as a secured creditor because he did not file a secured claim within the six month period provided in Section 57, sub. n of the Bankruptcy Act, 11 U.S.C.A. § 93, sub. n.

It appears that the adjudication in bankruptcy was entered on February 14, 1949. On May 25, 1949, Johnson in writing demanded of the Trustee possession of an airplane listed among the bankrupts' assets and upon which Johnson claimed to hold a mortgage. The request was refused. On February 13, 1950, Johnson filed a reclamation petition setting forth that the Trustee was in possession of the certain described airplane which was mortgaged to Johnson for the payment of a $5,000 loan. The petition set forth that the promissory note evidencing such indebtedness and the chattel mortgage were executed by the bankrupts, the chattel mortgage being recorded on November 5, 1948. The petition further stated that no payments had been made on the promissory note; that the indebtedness due the petitioner exceeded the value of the security; and that the Trustee had no equity in the airplane. Johnson prayed for an order requiring the Trustee to surrender the property to him and authorizing him to foreclose said chattel mortgage and for such other relief as to the court might seem just and equitable. The Referee entered an order denying the petition on the sole ground that Johnson had failed to file a secured claim within the six-month statutory period of limitation.

The airplane upon which the chattel mortgage was executed by the bankrupts was at the time of the execution of the mortgage and up to the time of the adjudication in bankruptcy, in the possession of the bankrupts. Thereafter it has remained in the possession of the Trustee in bankruptcy. The Referee held that where a creditor's security is in the possession of the Trustee and not in the possession of the creditors a secured claim must be filed within the six month statutory period or the

security is lost, notwithstanding that the creditor makes no claim to dividends from the general assets.

On review of the Referee's order in the District court that court overruled the order and filed a written opinion in which it discussed the contentions presented in support of the ruling of the Referee and declared that "the views of the Referee are not supported by the provisions of the Bankruptcy Act, nor are they consonant with the clear weight of the decisions and the unequivocal expressions of the text writers on bankruptcy law who have commented upon this very question." It held that the failure of Johnson to file a claim in bankruptcy within six months under Section 57, sub. n of the Bankruptcy Act did not result in the loss of his security and that his petition for reclamation was sufficient.

The only contention argued for reversal by the Trustee on this appeal is that Johnson lost his security for his $5,000 debt by his failure to file a claim in bankruptcy within six months.

■ This court has heretofore declared the law contrary to the contention. In 1945 it stated in Rafert v. Federal Farm Mortgage Corp., 8 Cir., 152 F.2d 193, 195, "That the filing of a claim in bankruptcy is not essential to the preservation of a lien is too well settled for debate." It cited, among other cases, prior decision in this court In re Cherokee Public Service Co., 8 Cir., 94 F.2d 536, and decision in the 10th Circuit in Fish v. East, 114 F.2d 177, 201; also 2 Remington on Bankruptcy, 3rd Ed. p. 115 § 735.

■ On consideration of our own decisions and the many others cited and discussed in the opinion of the trial court in this case and in the briefs, we are convinced, as was the trial court, that appellant's contention should be overruled and no further discussion of it here would be justified "were it not for some language used by the Supreme Court in United States National Bank of Johnstown v. Chase National Bank of New York City, 331 U.S. 28, 67 S.Ct. 1041, 1044, 91 L.Ed. 1320." It is argued for appellant that in that case the

Supreme Court departed from the prevailing construction of Section 57 of the Bankruptcy Act and prescribed a rule that regardless of whether a secured creditor seeks to participate in general dividends, if his security is in the possession of the bankruptcy court he is required to file his proof of claim as a secured creditor within the six months statutory period or his security is lost.

We think the Supreme Court's opinion will not bear such interpretation and that no such rule can be inferred from it. The controversy before the Supreme Court in the Johnstown case did not present any question of a secured creditor losing his security by failure to file a claim in bankruptcy. On the contrary, the secured creditor in that case had timely filed such a claim and the dispute was as to whether it had waived its security by participating in dividends from the general assets. The court's conclusion in the case was that although a secured creditor may be held to waive his security by participating in dividends from the general assets, equity required a holding upon the particular facts of the Johnstown case that the secured creditor had not waived its security by taking the dividends. In proceeding to that conclusion the court quoted sections 65, sub. a and 57, sub. h, 11 U.S.C.A. §§ 105, sub. a and 93, sub. h that deal with dividends and stated that "Under these provisions"—a secured creditor—"must file a secured claim, however, if the security is within the jurisdiction of the bankruptcy court and if he wishes to retain his secured status". The context in which the statement occurs shows that it was related to the obtaining of dividends and at the same time retaining secured status by secured creditors. Before such creditors may obtain a share in dividends they must file their claims. That procedure was relevant to the matter in dispute the court was deciding. In this case the secured creditor is not concerned to obtain dividends and seeks to subject only its security to the payment of its debt. Nothing said in the decision in the Johnstown case related to that situation or was intended to change or unsettle the long established law that a secured creditor does not lose his security by failing to file a claim in bankruptcy within statutory time. The Supreme Court's approving reference to 3 Collier on Bankruptcy (14th ed. pp. 149-157, 255-259) reflects its intention to adhere to the settled rule. Collier says at page 157, referred to: "A fully secured creditor is not entitled to share in the distribution of the bankrupt's estate. Hence where there is no doubt that the security is ample to cover the debt, the creditor's claim will not be allowed and there is, therefore, no use in proving it, although, as has been said, 'There is no provision in the statute which precludes a creditor from proving his claim in bankruptcy merely because he has collateral security therefor covering the indebtedness either in whole or in part.' The proof of a secured claim implies that the creditor expects his security to satisfy only a part of the debt and serves to announce that he wishes to participate in the estate, together with the general creditors for the unsecured balance. If the creditor does not wish to claim a dividend on the unsecured balance of the debt, he need not prove the claim. The court is without authority to compel a creditor to file his claim. * * * A creditor may rely entirely on his security. The filing of a claim in bankruptcy is not essential to the preservation of a lien. The failure to file a proof of claim does not affect the creditor's right to the security."

Since the submission of the appeal herein the Court of Appeals in the 10th Circuit has handed down decision in Delaney v. City & County of Denver, 185 F.2d 246. In that case the City of Denver had tax liens upon assets of the bankrupt. It did not file a claim for taxes within six months but at a later date filed an intervening petition in bankruptcy in which it disclaimed any claim against general assets of the bankrupt but prayed that its tax liens be satisfied out of the proceeds of a sale of those assets which were subject to the tax liens. The court declared, "The filing of a formal claim in bankruptcy is not essential to the preservation of a lien." It required the taxes to be paid out of the assets on which they were a lien. It cited its early decisions, including Fish v. East,

supra, as applicable, and its opinion also shows that on full consideration of the Johnstown case which it cited, it found therein no such departure from the prevailing construction of Section 57 as is contended for by appellant herein. We are in accord with the ruling of the 10th Circuit.

We conclude there was no error in the order appealed from and it is affirmed.