Glen D. NEWMAN, Mary Lynn Newman, Plaintiffs–Appellants,

v.

FIRST SECURITY BANK OF BOZE-MAN, Defendant–Appellee.

No. 88–3885.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 11, 1989.[*]

Decided Oct. 20, 1989.

---

[*] The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Eula Compton, Bozeman, Mont., for plaintiffs-appellants.

Douglas D. Harris, Lineberger & Harris, P.C., and Edmund P. Sedivy, Jr., Morrow, Sedivy & Bennett, P.C., Bozeman, Mont., for defendant-appellee.

Before WRIGHT, WALLACE and THOMPSON, Circuit Judges.

DAVID R. THOMPSON, Circuit Judge:

Glen D. Newman and Mary Lynn Newman borrowed money from First Security Bank of Bozeman to buy a grocery store. To secure repayment of the loan, they granted the Bank a security interest in the store's assets and gave the Bank a mortgage on their home. The grocery business failed and the Newmans filed for protection under Chapter 7 of the Bankruptcy Act. They scheduled the Bank as a secured creditor, but asserted that the Bank's security interest in their home was disputed. The Bank filed a proof of claim, but identified only the business assets as security for the claim. The home property was set aside to the Newmans as exempt under Montana's homestead law, and the Newmans were granted their bankruptcy court discharge. The Bank reclaimed the business assets, sold them, and when a deficiency resulted it sought to enforce its mortgage lien against the Newmans' home. The Newmans reopened their bankruptcy court proceedings and filed a declaratory relief action seeking to prevent the Bank from enforcing its lien.

The bankruptcy court granted summary judgment for the Bank. The district court affirmed. The Newmans appeal. They contend that because the Bank did not assert its lien against their home during the course of the bankruptcy proceedings, nor did the Bank liquidate its lien in that proceeding, the lien was extinguished.

## JURISDICTION

The bankruptcy court had jurisdiction because the question before the court

was the effect of the bankruptcy court's discharge on the Bank's lien. *See Browne v. San Luis Obispo Nat'l Bank,* 462 F.2d 129, 133 (9th Cir.1972). The district court had jurisdiction under 28 U.S.C. § 1334. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

## ANALYSIS

### A. *The Bankruptcy Act of 1898*

■ Because the Newmans filed their bankruptcy court petition on October 31, 1977, and were discharged on August 22, 1978, this case must be decided under the provisions of the Bankruptcy Act of 1898, as amended, and not by the provisions of the Bankruptcy Reform Act of 1978, which took effect October 1, 1979. Section 403(a) of the Bankruptcy Reform Act, Title IV of the 1978 Code entitled "Savings Provisions," provides that a case commenced under the 1898 Bankruptcy Act, and all matters and proceedings relating to any such case, shall be conducted and determined under the 1898 Act as though the 1978 Reform Act had not been enacted. Act of November 6, 1978, Pub.L. No. 95–598, 1978 U.S.Code Cong. & Admin. News 5787 (92 Stat.) 2683 [*reprinted in* 11 U.S.C. p.2, prec. § 101 (1979) ]. *See also Matter of Ellis,* 674 F.2d 1238, 1245 n. 9 (9th Cir.1982).

### B. *A Secured Creditor is Not Required to File a Claim in Bankruptcy to Retain Its Secured Status*

Section 57(c) of the Bankruptcy Act of 1898 provided "Proofs of claim *may,* for the purpose of allowance, be filed by the claimants in the court of bankruptcy where the proceedings are pending or before the referee if the case has been referred." 11 U.S.C. § 93 (*repealed* 1978) (emphasis added). Section 57(a) of the Act provided that the proof of claim must set forth "the claim; the consideration therefor; whether any and, if so, what securities are held therefor; whether any and, if so, what payments have been made thereon; and that the claim is justly owing from the bankrupt to the creditor." *Id.*

■ Most courts have interpreted section 57(c) literally, holding that a secured creditor need not file a proof of claim at all, but may do so if he desires. Generally, a secured creditor will file a proof of claim when he believes he may be undersecured. The filing announces that he intends to participate in the estate, along with the general creditors, to recover the unsecured balance. *See Clem v. Johnson,* 185 F.2d 1011, 1013 (8th Cir.1950), *cert. denied,* 341 U.S. 909, 71 S.Ct. 622, 95 L.Ed. 1346 (1951); 3 *Collier on Bankruptcy* ¶ 57.07[3.3] (J. Moore 14th ed. 1977). However, the filing of a claim in a bankruptcy court is not essential to the preservation of a secured lien, *In re Cherokee Public Serv. Co.,* 94 F.2d 536, 538 (8th Cir.1938), and does not affect a creditor's right to his security. *Clem v. Johnson,* 185 F.2d at 1013.

■ The Newmans' reliance on dicta appearing in *United States Nat'l Bank of Johnstown v. Chase Nat'l Bank of New York City,* 331 U.S. 28, 67 S.Ct. 1041, 91 L.Ed. 1320 (1947), is misplaced. The Newmans are correct that there is language in *Johnstown* suggesting that a secured creditor not in possession of the security must file a secured claim identifying the perfected security interest if the security is within the jurisdiction of the bankruptcy court and if the creditor desires to protect his secured status. *See id.* at 33–34, 67 S.Ct. at 1044–45. However, when considered in its context, the language in *Johnstown* is inapplicable. In *Johnstown,* a secured creditor had timely filed a proof of secured claim. The issue was whether the creditor had waived his lien by sharing in distributions from the general fund. As the *Clem* court explains, the context of the language in *Johnstown* shows that it was related to creditors who obtained dividends and at the same time sought to retain their secured status. *Clem,* 185 F.2d at 1013. Unlike *Johnstown,* here the Bank sought not to share in the general assets of the bankrupt

estate, but to subject its security (the New-mans' home) to the payment of its debt. *Johnstown* does not apply.

We followed the *Clem* ruling in *Dizard & Getty, Inc. v. Wiley*, 324 F.2d 77, 80 (9th Cir.1963). There we explained that if all a secured creditor wants to do is preserve his lien, giving up a right to share in the general assets, the creditor need not file a secured claim. Accordingly, although the Bank was not in possession of its security, it retained its mortgage lien even though it did not file a secured claim in the bankrupt-cy proceeding identifying its security inter-est in the Newmans' home.

C. *Failure to Liquidate Claim or Assert Secured Interest Prior to Discharge*

██ Given that a creditor with a se-cured lien is not required to file a proof of claim prior to discharge in order to main-tain his lien, it follows logically that if a secured creditor chooses not to file a claim or otherwise assert any interest in the se-curity during the bankruptcy proceeding, the discharge has no effect on his lien. Thus, that the Bank chose not to liquidate its claim, or to assert the validity of its lien, in the bankruptcy court proceeding is irrel-evant. *See In re Cornist*, 7 B.R. 118, 120 (Bankr.S.D.Cal.1980) (debtor's discharge from bankruptcy releases him only from personal liability on a secured debt; it does not waive or affect any lien on his property in existence prior to bankruptcy adjudica-tion).

AFFIRMED.