MEMORANDUM**
Paul and Hajnal Janossy appeal pro se the district court’s judgment dismissing for failure to state a claim their 42 U.S.C. § 1983 action alleging that General Motors unlawfully repossessed their vehicle. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim, Berry v. Valence Tech., Inc., 175 F.3d 699, 706 (9th Cir.1999), and we affirm.
The district court properly dismissed the Janossys’ claim that General Motors violated the bankruptcy code because, contrary to the Janossys’ allegations, the hen against their leased vehicle was not discharged in their bankruptcy proceeding. See Newman v. First Sec. Bank of Boze-man, 887 F.2d 973, 976 (9th Cir.1989) (stating that debtor’s discharge from bankruptcy does not waive or affect any lien on property in existence prior to bankruptcy adjudication).
The district court properly dismissed the Janossys’ due process claim because they received notice and a hearing prior to the repossession. See Halverson v. Skagit County, 42 F.3d 1257, 1260 (9th Cir.1994) (stating that due process requires notice and hearing prior to deprivation of significant property interest).
The district court properly dismissed the Janossys’ Fourth Amendment claim that GMAC used the police to conduct an unlawful search and seizure of their automobile because the police had probable cause. See Shwarz v. United States, 234 F.3d 428, 434 (9th Cir.2000) (holding no Fourth Amendment violation where property seizure based on valid entry order supported by probable cause).
The Janossys’ conclusory allegations that the district court’s decision was motivated by bias and malice lack merit. See Yagman v. Republic Ins., 987 F.2d 622, 626-27 (9th Cir.1993) (concluding that speculative assertions of invidious motive are insufficient to show judicial bias).
The Janossys’ remaining contentions lack merit.
The Janossys’ motion to file a late reply brief is granted. The clerk shall file the reply brief received on September 30, 2002.
We deny the Janossys’ request to supplement the record on appeal. See Smith *345 v. Marsh, 194 F.3d 1045, 1052 (9th Cir. 1999).
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.